76 N.J. Super. 559 (1962)
185 A.2d 57
IN THE MATTER OF THE ESTATE OF LONSDALE GREEN, JR., DECEASED.
Superior Court of New Jersey, Union County Court, Probate Division.
Decided October 9, 1962.
*561 Mr. Joseph D. Maher, Jr., for plaintiff.
Mr. John A. Ackerman for defendant beneficiaries (Messrs. Toner, Crowley, Woelper & Vanderbilt, attorneys).
Mr. Addison C. Ely for defendant trustee (Messrs. Snevily and Ely, attorneys).
FULOP, J.C.C.
This is a motion by the plaintiff, Rafaella Brucato Green, the executrix of the estate of Lonsdale Green, Jr., deceased, to compel payment of the entire federal estate tax upon the said estate out of non-testamentary assets included in the estate for federal tax purposes.
Lonsdale Green, Jr., died on November 25, 1960, a resident of the Town of Westfield, Union County, New Jersey, leaving a last will and testament dated September 23, 1960, and a codicil dated October 6, 1960. These were admitted to probate by Eugene J. Kirk, Surrogate of Union County, on December 19, 1960.
Under the terms of the will as amended by the codicil, decedent left his entire estate to his widow, the plaintiff, with the exception of the sum of $5,000 given to her daughter by a prior marriage, and some furniture given to the nieces of his first wife.
Prior to his marriage to the plaintiff, Lonsdale Green, Jr. had been married to Ruth Streat Green, who died testate in 1954. Under the terms of her will she gave her said surviving husband, among other things, the income for life of a marital trust and a general power of appointment of the principal of said trust upon his death. She provided that the power of appointment be exercised by specific reference thereto in his will. In default of such appointment, she directed that the said principal be added to and merged with the principal of another trust, with income to her sister Emilie Streat Lewis for life, and then to her nieces Emilie *562 Lewis Bell and Margaret Lewis Smith for life, with remainder to the issue of her said nieces. Mrs. Bell has two children and Mrs. Smith has four children. Five of these children are minors. John A. Ackerman, Esquire, has been appointed guardian ad litem for the minors and for the unborn issue of the two nieces. He also represents the adult beneficiaries of the trust as their attorney, the interests of all of the beneficiaries being identical.
In an action between the parties in the Chancery Division of the Superior Court it has been adjudged that the power of appointment was not exercised by the decedent and that the above-mentioned beneficiaries are entitled to the trust assets as beneficiaries under the terms of the settlor's will.
The Chemical Bank New York Trust Company is the trustee of the trust.
Under section 2041 of the Internal Revenue Code (1954) the trust assets subject to the power of appointment are a part of the gross taxable estate of Lonsdale Green, Jr. even though he did not exercise the power of appointment. His will contains no provision with respect to taxes.
The executrix and the trustee have each calculated the figures to be included in the tax return and their figures differ. The following list shows some of the differences:

 Executrix's Trustee's
 Return Calculations
Gross estate ............................. $363,588.89 $366,353.72
Adjusted gross estate .................... 322,805.07 326,506.79
Bequests to widow ........................ 141,586.02 126,880.91
Marital deduction ........................ 141,586.02 125,799.68
Net assets subject to appoint'mt. ........ 192,977.03 192,249.67
Taxable estate ........................... 121,219.05 140,707.11
Tax ...................................... 26,166.21 25,659.14

The correct figures must be determined on final audit by the Internal Revenue Service. The executrix may deem it advisable to amend the return. However, for the purposes of this case it will be sufficient to note that the power of appointment added approximately $192,000 to a net estate *563 which would otherwise have been approximately $130,000. On the other hand, the marital deduction would have been approximately $65,000 without the additional assets instead of approximately $125,000 or $140,000 now calculated. In addition, a prior tax credit of $6,036.02 comes with the power of appointment.
The executrix contends that:
(1) The trustee must pay the entire tax without apportionment.
(2) The trustee must pay the amount shown on the tax return filed by the executrix, whether correct or not and regardless of the final audit.
(3) No part of the tax may be charged against the portion of the estate included in the marital deduction.
(4) This court has no power to determine the amount of the estate tax. (As to this there is no dispute. This court has not been asked to determine the amount of the tax and will not do so.)
The trustee has now agreed that it is liable for 95.7861782% of the tax in accordance with the apportionment provisions of N.J.S. 3A:25-31 and 3A:25-33 but contends that the balance of 4.2138218% of the tax must be paid by the executrix. It has accordingly paid the Internal Revenue Service $24,577.91 on account of principal and $704.57 for interest on the tax in accordance with its calculations. According to the trustee, a balance of $1,081.23 of principal of the tax plus interest remains to be paid by the executrix.
The trustee's calculations under the state statute are as follows:

EXECUTRIX'S SHARE:
 Gross estate ........................................ $162,332.69
 Less: Funeral and admin. exp. ........... $ 28,075.57
 Marital deduction ................. 125,799.68
 ___________
 Total deductions .................................... 153,875.25
 ___________
 Net balance ......................................... $ 8,457.44
*564 TRUST'S SHARE:
 Gross value of appointable property ..... $204,021.03
 Less deductions ......................... 11,771.36
 ___________
 Net share of taxable estate ......................... $192,249.67
 ___________
 Total taxable estate before exemption ............... $200,707.11
 $192,249.67
 ___________ = 95.7861782% of tax payable by trustee.
 $200,707.11

The representative of the trust beneficiaries has taken a position somewhat different from the position of the trustee. He agrees with the trustee that the tax must be apportioned and that the trustee's apportionment is correct under state law. However, he contends that the apportionment must be made pursuant to section 2207 of the Internal Revenue Code (1954), rather than under state law, and that the apportionment is determined by the ratio between the gross value of the appointable property and the gross estate with no deductions.
He has calculated the apportionment in the alternative, using each of the base figures. On the basis of the executrix's return, he contends that trust should pay 56.7856240% of the tax or $14,858.65, the balance of $11,307.56 being payable out of the residuary estate. On the basis of the trustee's base figures, the trust share of the tax would be 55.6896296% of $25,659.14, or $14,289.48, and the estate's share would be $11,369.66. This is arrived at as follows:

Gross trust assets $204,021.03
 ___________ = 55.6896296% of tax payable by trustee
Gross estate ..... $366,353.72

It is clear that the tax must be apportioned. The tax itself is upon the estate as a whole and not upon the distributive shares. The primary liability is that of the executrix. Prior to the enactment of apportionment statutes, in the absence of express or implied testamentary provision to the contrary, the federal estate tax was payable out of the residuary estate without recourse to any of the recipients of the gifts included *565 in the taxable estate. Hale v. Leeds, 28 N.J. 277 (1958); Morristown Trust Co. v. McCann, 19 N.J. 568 (1955). Without an applicable statutory provision placing the burden of the tax elsewhere, and in the absence of any testamentary or trust provision with respect thereto, the executrix would have no right to exoneration or recovery over.
In general, the Internal Revenue Code does not deal with the ultimate impact of the tax but leaves the same to state law. There are two exceptions to this rule. These are section 2206 of the Code which deals with life insurance proceeds, and section 2207, which deals with powers of appointment. In cases covered by these Code provisions, it seems reasonable to conclude that the federal provision prevails over state law. Since the Congress has power to impose the tax, it must have primary power to designate the portions of the estate by which the tax is to be borne and in what proportions. While no decision squarely in point has been found in this State or in the federal courts, impressive dicta support the above conclusion. Riggs v. Del Drago, 317 U.S. 95, 87 L.Ed. 106, 63 S.Ct. 109, 142 A.L.R. 1131 (1942); Hale v. Leeds, supra; National State Bank of Newark v. Nadeau, 57 N.J. Super. 53 (App. Div. 1959). See also Priedeman v. Jamison, 256 Mo. 627, 202 S.W.2d 900 (Mo. Sup. Ct. 1947).
The question then is whether the provisions of section 2207 of the Internal Revenue Code (1954) differ in effect from the provisions of N.J.S. 3A:25-33. The state statute reads as follows:

"3A:25-33. Apportionment of tax to transferees in absence of directions to contrary.
In the absence of directions to the contrary, (i) such part of the tax shall be apportioned to each of the transferees as bears the same ratio to the total tax as the ratio which each of the transferees' property included in the gross tax estate bears to the total property entering into the net estate for tax before the specific exemption, and the balance of the tax shall be apportioned to the fiduciary, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective *566 taxes; (ii) any deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the charitable purposes of the gift shall inure to the benefit of the fiduciary or transferee, as the case may be, subject nonetheless to the provisions of section 3A:25-32 of this title; (iii) any deduction for property previously taxed and any credit for gift taxes paid by the decedent shall inure to the benefit of all transferees and the fiduciary and the tax to be apportioned shall be the tax after allowance of such deduction and credit; and (iv) any interest resulting from late payment of the tax shall be apportioned in the same manner as the tax and shall be charged by the fiduciary and any trustee of any inter vivos trust and any other transferee wholly against corpus."
The Code section reads:

"§ 2207. Liability of recipient of property over which decedent had power of appointment.
Unless the decedent directs otherwise in his will, if any part of the gross estate on which the tax has been paid consists of the value of property included in the gross estate under section 2041, the executor shall be entitled to recover from the person receiving such property by reason of the exercise, nonexercise, or release of a power of appointment such portion of the total tax paid as the value of such property bears to the sum of the taxable estate and the amount of the exemption allowed in computing the taxable estate, determined under section 2052, or section 2106 (a), as the case may be. If there is more than one such person, the executor shall be entitled to recover from such persons in the same ratio. In the case of such property received by the surviving spouse of the decedent for which a deduction is allowed under section 2056 (relating to marital deduction), this section shall not apply to such property except as to the value thereof reduced by an amount equal to the excess of the aggregate amount of the marital deductions allowed under section 2056 over the amount of proceeds of insurance upon the life of the decedent receivable by the surviving spouse for which proceeds a marital deduction is allowed under such section."
Section 2106(a) deals with the estates of noncitizen nonresidents of the United States and is inapplicable. Section 2052 of the Code reads as follows:

"§ 2052. Exemption.
For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate an exemption of $60,000."
*567 Counsel for the trust beneficiaries contends:
"It is clear that `determined under Section 2052' refers to both the `taxable estate and the amount of the exemption allowed in computing the taxable estate' and modifies the whole phrase. Thus, the tax is borne in the ratio of assets going into the gross estate."
On the face of sections 2207 and 2052, it would seem plain that the reference is to the taxable or net estate plus the $60,000 exemption provided for in section 2052. The alternative reference to section 2106(a) is necessary because the exemption given to noncitizen nonresidents is provided in that section and is only $2,000 rather than $60,000. Section 2052 does not define taxable estate. It does no more than provide the exemption of $60,000. "Taxable estate" nowhere means gross estate less the exemption unless it be in the present rare situation. If the draftsmen intended that there be no deductions from the gross estate in this connection, there appears to be no justification for using the circuitous language used in section 2207. The words "gross estate" are used twice in the beginning of the same sentence and would naturally have been repeated in place of "the sum of the taxable estate and the amount of the exemption."
The contrary contention is buttressed by reference to section 2206 of the Code dealing with the apportionment of the estate tax to the beneficiaries of life insurance policies. This section is in much the same language as section 2207 except that it provides:
"* * * such portion of the total tax paid as the proceeds of such policies bear to the sum of the taxable estate and the amount of the exemption allowed in computing the taxable estate, determined under section 2051."
Section 2051 of the Code reads:

"§ 2051. Definition of taxable estate.
For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the exemption and deductions provided for in this part."
*568 It will be seen that section 2206 refers to section 2051 which defines taxable estate as the gross estate less the exemption and all deductions. On the other hand, section 2207 refers to section 2052 which merely provides the exemption of $60,000. It is argued that the intent of Congress must have been different in the two companion sections. The argument has force and is troublesome.
The Internal Revenue Code of the United States is expertly drafted and it is not lightly to be assumed that the difference in the two sections was unintentional. However, no reference to a different intent for the two sections appears in the report to either house of Congress. 1954 U.S. Code Cong. & Adm. News, pp. 4464 and 5122. The predecessor sections of the 1939 Code, § 826(c) and § 826(d), were construed alike. Kapnek v. Kapnek, 38 N.J. Super. 268 (Ch. Div. 1955). No intention to change them in the 1954 revision was noted. The use of the words "taxable estate and the amount of the exemption" in both sections 2206 and 2207 is more persuasive than the inference from the single difference between the two sections.
The view here adopted conforms with the basic intent of the provision that the recipients of testamentary and non-testamentary property bear the estate tax in proportion to the sums they receive. The debts and administration expenses of the estate are paid out of the testamentary estate and no part thereof is payable out of the appointable property. If the estate tax were apportioned on the basis of the gross estate, the testamentary legatees would be chargeable with the tax on the basis of sums which they do not receive. The debts and expenses might be equal to the entire residuary estate.
This reasoning does not apply to the marital deduction, the amount of which is received by the surviving spouse but is excluded in the calculation of the ratio of tax to be paid. However, the intent to favor the surviving spouse in this respect is implicit in the section and elsewhere in the Code.
*569 The attorney for the trust beneficiaries has been unable to find authority for his contention. No decision has been found on the point. It is inconceivable that the matter would not have been litigated in the last eight years in view of the tremendous impact which the construction contended for would have.
It is concluded that the portion of the tax payable by the recipient of the appointed property under section 2207 of the Internal Revenue Code (1954) is determined by the ratio between the value of the property subject to the appointment and the taxable estate plus the exemption of $60,000. This is the same proportion provided by N.J.S. 3A:25-33.
The executrix contends that, unless the trustee is required to pay all of the tax, the part not so required to be paid will fall upon the share of the widow which is all within the marital deduction. She contends that the marital deduction should not be thus decreased and points to the provision of the last sentence of section 2207 of the Code exempting property appointed to a surviving spouse from contributing to the tax, to the extent that the same is subject to the marital deduction, with an exception not important here.
The provision last mentioned obviously does not apply to the present situation. Here the widow is the residuary legatee. She gets the residue, whatever it may be. Since it is less than half of the taxable estate, the marital deduction is less than the maximum allowed. But the law does not require a spouse to leave a full one-half of his estate to the surviving spouse and, if the testator has not done so, the amount of the marital deduction is reduced accordingly. When the gift to the spouse is of the residue, she takes only what is left after payment of proper charges including taxes charageable against the residue.
There is no authority to require the recipient of appointed property to pay a tax chargeable against the residue to assure the surviving spouse that she shall receive the *570 full amount includable in the marital deduction. The estate tax is imposed upon the estate and, absent other provisions, is payable out of the residue. The court's authority to order any part of the tax to be paid by one receiving appointed property is granted by N.J.S. 3A:25-37. That authority is limited to requiring the appointee of property to pay to the estate the portion of the tax provided in N.J.S. 3A:25-33 or section 2207 of the Code. No authority is provided to require any other payment or to deal with the assessment of the tax.
Thus, this court deals only with the payment to be made by the trustee and not with the effect of the tax assessment upon the residue of the estate.
In addition, it is not accurate to say that the balance of the tax must necessarily fall upon the widow. There appear to be other nontestamentary items included in the taxable estate and it is possible that the executrix may recover part of the tax from other beneficiaries. It is also not true that the estate would have been subject to no tax but for the appointed property. As pointed out earlier in this opinion, if the appointed property had not been included in the taxable estate, the marital deduction would have been less and it appears that there would have been a taxable estate.
The trustee is not required to accept the executrix's figures and to pay accordingly. It seems likely that the return is erroneous, especially in failing to claim credit for a prior tax. The final audit is binding, but it is the duty of the executrix to claim all proper deductions. If she fails to do so, she may lose her right to recover from the trustee any amount she is improperly forced to pay by reason of her own error.
It is noted that the trustee and the executrix have both deducted some items from the gross value of the appointable property. It is not clear what these deductions consist of. Trust administration costs accruing subsequent to decedent's death are not deductible in arriving at the ratio. If any such have been deducted, the ratio must be *571 recalculated. Aside from this, it appears that the trustee has paid all of the tax now due from it, subject to final audit by the Internal Revenue Service. The motion is denied without prejudice to any application which may be required upon completion of the audit.
An order may be submitted in conformity with this opinion.