Adele H. DODD and William A. Dodd, Executors of the Estate of John A. Dodd, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 804–62.

United States District Court
D. New Jersey.

Nov. 27, 1963.

Benjamin P. De Witt, New York City, for plaintiffs.

David M. Satz, Jr., U. S. Atty., Louis F. Oberdorfer, Asst. U. S. Atty. Gen., by Edward S. Smith, David A. Wilson,

Jr., Peter J. Ciano, Washington, D. C., for the Government.

WORTENDYKE, District Judge.

This Court has jurisdiction of the present action under 28 U.S.C. § 1346.

Plaintiff executors seek recovery of an alleged overpayment of Federal estate tax and interest assessed against the estate of a New Jersey resident testator who died on November 18, 1955. The will, dated May 6, 1948, was admitted to probate by the Surrogate of Essex County, New Jersey, and letters testamentary issued to plaintiffs on November 29, 1955. After directing payment of his debts and funeral expenses, testator devised his residences and bequeathed his household goods, automobiles and personal effects to his wife, Adele, whom he appointed one of his executors. Item V of the will provided as follows:

"I direct that all the rest, residue and remainder of the property, real and personal, of whatsoever nature and wheresoever situated, which at the time of my death shall belong to me or be subject to my disposal by will or otherwise, be divided into two equal parts. I give, devise and bequeath one of such two equal parts to my wife, ADELE H. DODD. I direct that the second equal part be divided into as many equal shares as I have children and issue of deceased children leaving issue me surviving and I give, devise and bequeath one of such equal shares to each child of mine, who shall survive me and one of such equal shares to the surviving issue of each deceased child of mine in equal parts, per stirpes and not per capita."

Plaintiff executors timely filed a Federal estate tax return in which they reported a gross estate of $915,642.16, and deductions, exclusive of the specific ($60,000) exemption, of $454,217.49; leaving a net taxable estate of $401,424.67. The tax return reflected a total tax due of $113,455.89. After crediting against this tax New Jersey taxes of $8,765.59, there was reported a net tax of $104,690.30. This figure reflected an arithmetical error, and should have been $105,390.30, and the difference of $700.00 was paid by the executors.

After examination and audit of the estate tax return, the Internal Revenue Service determined that a tax deficiency of $17,351.79 existed. This claimed deficiency resulted from the following calculation:

| | | |
|---|---:|---:|
| Net estate | | $862,722.89 |
| Bequests or devises to wife | $ 49,650.00 | |
| Life insurance not qualified for marital deduction | 42,371.40 | 92,021.40 |
| Value of residue | | $770,701.49 |
| Tentative marital deduction (one-half of $770,701.49) | $385,350.75 | |
| Items passing to wife and qualified for marital deduction | 49,650.00 | $435,000.75 |
| LESS: | | |
| New Jersey Tax on wife's share | $16,200.00 | |
| Pro rata share of Federal tax | 61,371.05 | 77,571.05 |
| Value of marital deduction | | $357,429.70 |

Upon the basis of the foregoing, there was assessed, on May 29, 1959, against the testator's estate, a tax deficiency of $17,351.79 with interest thereon of $2,105.03. These deficiency assessments were duly paid; claim for refund thereof

was filed by the plaintiffs on February 6, 1961; but was rejected by the Internal Revenue Service on December 14, 1961. Recovery of the aggregate of those payments in the amount of $19,456.82, together with interest, is sought in the present action (an additional claim for refund having been abandoned by plaintiffs at the pretrial conference).

The assessed deficiency resulted from the Government's disallowance of the deduction of the portion of the residuary estate bequeathed to the surviving widow without diminution by its share of the Federal estate tax ($61,371.05), for the purpose of computing the Federal estate tax.[1]

The parties have filed cross-motions for summary judgment. No genuine issue of fact is presented. Both motions pose a similar question of law, namely: Is the share of the residuary estate set aside for testator's widow, in Item V of his will, subject to any reduction, on account of the Federal estate tax liability of his estate, for the purpose of computing the marital deduction?

■■ The purpose of the marital deduction provision of the Federal estate tax, 26 U.S.C. § 2056, is to equalize the taxation of estates in common law jurisdictions with those in community property states. This object is accomplished by allowing as a deduction from the gross estate the value of any interest in property passing to the surviving spouse, up to one-half of the adjusted gross estate. Property qualifies for this marital deduction if it is includible in the gross estate and if it passes from the decedent to the surviving spouse by any means, testamentary or otherwise. Commissioner of Internal Revenue v. Chase Manhattan Bank, 5 Cir. 1958, 259 F.2d 231; United States v. Crosby, 5 Cir. 1958, 257 F.2d 515; United States Trust Co. of New York v. Commissioner of Internal Revenue, 2 Cir. 1963, 321 F.2d 908.

■ Section 2056(b) (4) of the Internal Revenue Code of 1954 provides that "In determining * * * the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section (A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest; * * *." The Treasury Regulations interpretive of section 2056 of the 1954 Code, 26 C.F.R. Sec. 20.2056(b)–4(c), direct:

"(4) * * * [I]f the residuary estate, or a portion of it, is bequeathed to the surviving spouse, and by the local law the Federal estate tax is payable out of the residuary estate, the value of the bequest, for the purpose of marital deduction, may not exceed its value as reduced by the Federal estate tax. * * *"

The construction of the Internal Revenue law is not to be determined by local law but is a Federal question. However, State law may control when the Federal taxing Act, by its express language or necessary implication, makes its operation dependent upon State law. For Federal tax purposes, the Federal Regulations govern. Lyeth v. Hoey, 1938, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119. But see Gelb v. Commissioner of Internal Revenue, 2 Cir. 1962, 298 F.2d 544, 551. The Commissioner's determination of deficiency in tax bears a presumption of correctness, and the burden of proof is upon the taxpayer to show error therein. Hoffman v. Commissioner of Internal Revenue, 3 Cir. 1962, 298 F.2d 784.

■ A portion of the testator's residuary estate was bequeathed to his surviving spouse by Item V of the will. Under New Jersey law, Federal estate taxes are payable out of the residuary estate where the will does not otherwise provide. National State Bank of Newark v.

1. The executors make no claim that the amount of the marital deduction should not have been reduced by the New Jer-

sey inheritance tax of $16,200.00 on the wife's share.

Nadeau, App.Div.1959, 57 N.J.Super. 53, 62, 153 A.2d 854; Turner v. Cole, E & A 1935, 118 N.J.Eq. 497, 179 A. 113. The will here under consideration is barren of any provisions governing the payment of taxes or exempting the residuary estate from the burden of the Federal estate tax. The ultimate impact on the estate of the Federal and estate taxes is determined by State law. Pitts v. Hamrick, 4 Cir. 1955, 228 F.2d 486; Thompson v. Wiseman, 10 Cir. 1956, 233 F.2d 734; Merchants National Bank & Trust Co. v. United States, 7 Cir. 1957, 246 F. 2d 410. 26 C.F.R. Sec. 20.2056(b)–4 appears to subject the surviving spouse's gross portion of the residuary estate to reduction to the extent of its proportionate share of the estate tax.

The plaintiffs concede that, absent an express provision in the will to the contrary, Federal estate taxes are payable out of the residuary estate of a New Jersey decedent; but they contend that under New Jersey law, the portion of the testator's residuary estate which qualifies for the marital deduction is not to bear any portion of the Federal estate tax.

The Government concedes that local law governs the question of what part of the estate pays the Federal tax, but it contends that, under New Jersey law, the widow's share of the residue would be determined only after all payments, including Federal estate taxes, had been made from the residue, and therefore the widow's share is in effect reduced by its share of the Federal tax. The plaintiffs' contention would increase the marital deduction and thereby decrease the Federal estate tax, while the Government's contention would decrease the marital deduction and thereby increase the Federal tax.

The issue, therefore, is whether New Jersey law, assuming that the entire residue is charged with the payment of the Federal estate tax because of the absence of a contrary provision in the will, makes the portion of the residue given to the surviving spouse and qualified for the marital deduction liable for its proportionate share of the Federal estate tax. The question is not answered by the terms or purpose of the marital deduction provision, 26 U.S.C. § 2056, because that statute merely makes it possible for common law estates to be treated equally with community property ones. It does not deal with the source of the payment of the Federal estate tax, leaving that question to local law, but providing that the marital deduction shall be reduced by any amount of taxes which such property is required to pay by local law. Cf. In re Estate of Green, 76 N.J.Super. 559, 185 A.2d 57 (Cty.Ct.1962).

In Case v. Roebling, Ch.Div.1956, 42 N.J.Super. 545, 127 A.2d 409, the Court was called upon to construe the will of a New Jersey testator " * * * as it relates to the apportionment of the ultimate burden of the federal estate tax levied or to be levied upon the estate by the United States Government." The relevant language of the will contained the testator's direction that each beneficiary thereof should be chargeable " * * * with all inheritance, succession, transfer or estate taxes upon the legacies, devises or shares to her or him * * * " to be computed, in the case of the Federal estate tax, by charging each beneficiary with the proportion of the entire tax which " * * * the taxable valuation of the legacy, devise or share * * * shall bear to the valuation of my entire taxable estate." The manner of distribution of the estate depended on whether the share of the widow of the testator was chargeable with no portion of the Federal estate tax or was chargeable with its pro rata share of that tax. The decision held that a State is free to regulate the apportionment of the burden of the Federal tax (Riggs v. Del Drago, 1942, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106), but that there is no regulatory statutory provision in New Jersey. Hence, the Federal tax falls upon and is payable out of the residuary estate unless the will otherwise provides. It was recognized that the legal incidence of the Federal estate tax is upon the entire estate.

After reviewing the legislative history of the marital deduction provision of the

Internal Revenue Code and concluding that the purpose of that provision was to equalize the tax status of a decedent's surviving spouse in a common law state with that of such an individual in a community property state, the Court determined that no portion of the Federal estate tax should be charged to or paid by the widow or be deducted from her share of the residuary estate, but that she, as surviving spouse of the testator, should receive the full benefit of the marital deduction undiminished by any part of the Federal estate tax. The Court's conclusion was based on its construction of the above-quoted language of the will. It held that the widow's share had, as a result of the marital deduction provision, no "taxable valuation" and therefore was not liable for any proportionate share of the tax. In so construing the testator's intent, the Court emphasized the fact that the construction would result in a substantial tax saving to the entire estate.

"In drafting a will the testator—especially one of great wealth—is concerned with how few taxes can be levied against his estate, in what amounts and how taxes shall be paid. The tax burden must weigh heavily in any estate plan of distribution. Can any reasonable person conceive the situation in which this testator would want his estate burdened with increased taxes of about $1,300,000? I cannot." (42 N.J.Super. at p. 566, 127 A.2d at p. 423.)

Case v. Roebling was cited with approval by the Bergen County Court in In re Burnett, 50 N.J.Super. 482, 142 A.2d 695 (Cty.Ct.1958). There the will did not specifically direct the payment of Federal estate taxes in a provision regarding payment of other taxes, and the surviving husband was given one-half of the residuary estate. The Court held, citing the legislative history and purpose of the marital deduction statute and the above-quoted language of the Roebling decision, that the surviving husband's one-half share of the residue was not to be reduced by its share of the Federal estate tax.

"In the absence of a mandatory directive in a will, a surviving spouse's share of a residuary estate should not be required to contribute proportionately to the payment of federal estate taxes when such share qualifies for the marital deduction." (50 N.J.Super. p. 500, 142 A.2d p. 707.)

The rule in New Jersey, then, is that, in the absence of any provision in the will regarding the payment of Federal estate taxes, those taxes are to be paid out of the residuary estate. In that case, however, if a part of the residue is given to the surviving spouse and qualifies for the marital deduction and the amount of that deduction would be reduced if the spouse's qualifying share were required to contribute to the payment of the Federal estate tax, then (again absent a provision in the will to the contrary) the spouse's qualifying share would not, to the extent necessary to maximize the marital deduction, be liable for any part of the payment of the Federal estate tax, which would be paid from the balance of the residue.

The Government relies on In re Estate of Green, 76 N.J.Super. 559, 185 A.2d 57 (Cty.Ct.1962) for support of its position that the amount of the gift to the surviving spouse of the residue is determined after taxes and all other charges have been paid out of the residue. That case, however, involved the apportionment of the Federal estate tax between testamentary and non-testamentary assets, which is governed by either New Jersey or Federal statutes. It also involved a will which gave the *entire* residue to the surviving spouse. It is, therefore, inapplicable to the present situation.

With respect to the section of the Treasury Regulations on which the Government bases its contention in these motions, if it be construed as requiring the share of the surviving spouse of the testator in his residuary estate to bear any portion of the Federal estate tax, then the Regulation is inconsistent with the statute itself, as construed in the light of its legislative history and the Congressional objective in adopting it, and

with the rule requiring the impact of tax payments be governed by State law. If, on the other hand, the language of the Regulation is not to be so construed, then it affords no basis for the support of the Government's contention in the present case.

Plaintiffs' motion for summary judgment is granted. Defendant's motion for summary judgment is denied. Let an appropriate order be submitted.