T.C. Memo. 1997-50


UNITED STATES TAX COURT


JAMES E. STAFFORD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4778-95.                    Filed January 28, 1997.


James E. Stafford, pro se.

Susan V. Sample, for respondent.


MEMORANDUM OPINION

GALE, Judge:  This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1] Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all chapter and section references are to the Internal Revenue Code in effect for the taxable years at issue.

|  |  | Additions to Tax | | | | |
|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653 (b)(1)[1] | Sec. 6653 (b)(2) | Sec. 6653 (b)(1)(A)[1] | Sec. 6653 (b)(1)(B) | Sec. 6654 |
| 1982 | $3,323 | $1,662 | [2] | --- | --- | $85 |
| 1983 | 4,336 | 2,168 | [2] | --- | --- | 266 |
| 1984 | 1,291 | 646 | [2] | --- | --- | 52 |
| 1985 | 3,944 | 1,972 | [2] | --- | --- | 222 |
| 1986 | 4,089 | --- | --- | $3,067 | [2] | 198 |
| 1987 | 3,685 | --- | --- | 2,764 | [2] | 200 |
| 1988 | 2,427 | 1,820 | --- | --- | --- | 153 |

[1] In the alternative to the additions to tax for fraud, respondent determined additions to tax under secs. 6651(a)(1) and 6653(a)(1) and (2) for all years at issue.

[2] 50 percent of the interest payable under sec. 6601 for the portion of the underpayment due to fraud.

Respondent moves for summary judgment as to: (1) The deficiencies and the additions to tax under section 6654 for failure to pay estimated tax; and (2) the additions to tax for fraud under the applicable provisions of section 6653(b) for all years at issue.[2]

Background

Petitioner filed a timely petition stating, inter alia, that "Without a grant of immunity, Petitioner is prevented from submitting financial information sufficient to refute the taxable income determined by Respondent lest it be used against him in a civil or criminal matter". The petition then discusses the Fifth Amendment to the Constitution and certain cases interpreting that Amendment.

Respondent filed a timely answer, affirmatively alleging fraud for all of the years at issue. Petitioner did not file a

---

[2] Respondent's motion for summary judgment does not address the secs. 6651(a)(1) and 6653(a)(1) and (2) additions to tax for failure to timely file and for negligence, respectively, which were determined as an alternative to fraud in the notice of deficiency for all years and asserted in the answer for taxable years 1982 and 1983. We do not reach those issues.

reply to respondent's answer, but since respondent did not file a motion pursuant to Rule 37(c), the affirmative allegations of fraud in the answer are deemed denied.

Respondent sought to have petitioner enter into stipulations of fact and also served on petitioner requests for admission with respect to various matters raised in this case. Petitioner in response refused to stipulate any matter or to specifically address any of the requested admissions.

In support of his refusal either to stipulate or to admit, petitioner took the position that his Tax Court petition is "null and void" because respondent lacks assessment and collection authority, in that such authority has been transferred from the Internal Revenue Service to the Bureau of Alcohol, Tobacco, and Firearms (BATF).

The Court subsequently ordered petitioner to show cause why respondent's proposed stipulations should not be accepted as established, directing petitioner to specifically address the factual matters raised in the proposed stipulations (show cause order). Petitioner declined to comply with the show cause order, repeating the argument that respondent's assessment and collection authority had been transferred to the BATF.

Respondent also filed a motion to review the sufficiency of petitioner's answers to requested admissions (motion to review). Petitioner's response to the motion to review again referenced the BATF argument and further stated that "Respondent's Notice of Deficiency did not list the statute and implementing regulations

for its authority" to assess and collect taxes if a Tax Court petition was not filed.

By subsequent order, this Court advised petitioner that his grounds for refusing to stipulate or admit lacked merit and further directed him to file supplemental responses to the show cause order and the motion to review that specifically addressed each factual matter raised by respondent.  Petitioner was further advised that any failure to respond as directed could result in matters being deemed stipulated or admitted.  The Court also set a hearing to review petitioner's responses at the commencement of the trial calendar in Houston, Texas, on June 10, 1996.

Petitioner's supplemental responses failed to specifically address any matter in the proposed stipulations or the requests for admission.  Instead, in terms substantially identical to those previously rejected by the Court, petitioner repeated the BATF argument, and expanded on the argument regarding the lack of implementing regulations, claiming that title 27 of the Code of Federal Regulations, but not title 26 thereof, contains implementing regulations for Internal Revenue Code sections concerned with the assessment and collection of taxes.  Thus, petitioner concluded, the absence of regulations in title 26 of the Code of Federal Regulations precludes respondent from enforcing such Internal Revenue Code sections.

At the June 10, 1996, hearing to review petitioner's responses, petitioner renewed his argument regarding the lack of implementing regulations and orally moved for dismissal.  In

response to the Court's request that he provide specific evidence regarding the matters raised by respondent, petitioner refused, stating:

> I stand on the documentation that I have provided this Court that there are no implementing Federal regulations in title 26 for enforcement actions against me. I stand on that. That is all I have to say to this Court.

Respondent then filed the instant motion for summary judgment pursuant to Rule 121.

This case was recalled 2 days later. Petitioner's oral motion to dismiss was denied. Petitioner's original and supplemental responses to the show cause order were determined to be unresponsive and, thus, not in compliance with that order and Rule 91. Consequently, respondent's proposed stipulations of fact were accepted as established for purposes of this case. Rule 91(f); Marcus v. Commissioner, 70 T.C. 562, 573 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980). Additionally, petitioner's original and supplemental responses to respondent's requests for admission were determined to offer neither sufficient answers nor justified objections to any matters contained in the requested admissions. Consequently, the requested admissions were deemed admitted for purposes of this case. Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985). The Court then inquired of petitioner whether he had any other evidence to submit or factual matters to dispute. Petitioner responded in the negative. Consequently, the Court vacated the scheduled trial and granted petitioner 30 days to

file a response to respondent's summary judgment motion.
Petitioner's subsequently filed response is in all material
respects a repetition of his prior arguments.

The facts deemed admitted and established may be summarized
as follows. Petitioner resided in Kingwood, Texas, at the time
the petition was filed in this case. Petitioner was married and
living with his wife in Texas during the years at issue, and
Texas is a community property State.[3] Petitioner was employed as
an accountant from 1982 to 1988 by the same company, currently
known as British Petroleum Exploration Co.[4] Petitioner also
worked for Lester Goodson Pontiac during 1984 and 1985.
Petitioner purchased food products from Yurika Foods Corp. during
1983,[5] 1984, 1985, 1986, 1987, and 1988. This company pays
commissions to direct purchasers based on the number of orders.
During 1983, 1985, and 1986 petitioner had an account at Sooner
Federal Savings on which he received interest. During 1987,
petitioner had an account at Sohio Federal Credit Union on which
he received interest. Petitioner received the following income:

---

[3] Tex. Fam. Code Ann. secs. 5.01-5.62 (West 1993).
Generally, for purposes of Federal income taxes, each spouse is
liable for the tax on his or her respective share of community
property income. Hopkins v. Bacon, 282 U.S. 122 (1930); Poe v.
Seaborn, 282 U.S. 101 (1930).

[4] The company was called Sohio Petroleum Co. from 1982-86
and was called Standard Oil Production Co. from 1986-88.

[5] Although the stipulation of facts states that petitioner
purchased food products from Yurika Foods Corp. during 1983, the
stipulation elsewhere indicates that there was no income from
activities with respect to Yurika Foods Corp. in that year.

| Year | Sohio/Standard Oil | Lester Goodson Pontiac | Yurika Foods | Sooner Federal Savings | Sohio Federal Credit Union |
|------|------|------|------|------|------|
| 1982 | $37,119.00 | --- | --- | --- | --- |
| 1983 | 38,705.00 | --- | --- | $54.00 | --- |
| 1984 | 16,438.32 | $1,618.93 | $2,966.00 | --- | --- |
| 1985 | 31,722.21 | 1,953.46 | 380.69 | 7.51 | --- |
| 1986 | 51,898.12 | --- | 52.30 | 9.72 | --- |
| 1987 | 52,599.72 | --- | 45.15 | --- | $3 |
| 1988 | 43,925.08 | --- | 38.40 | --- | --- |

Petitioner's community share of the foregoing amounts is one-half. Petitioner received $6,201 in distributions from Sohio Employees Investment Plan, of which his community share is $3,100.[6] In 1985, petitioner sold 282.781 shares of Standard Oil stock; his community share of the sale proceeds is $6,302. In 1987, petitioner sold 8.089 shares of Standard Oil stock for $621.12. His community share of the sale proceeds is $311. Petitioner submitted Forms W-4 to his employer for 1984, 1985, 1986, 1987, and 1988 stating that he was exempt from Federal withholding. Petitioner did not file a Federal income tax return for the tax years 1982, 1983, 1984, 1985, 1986, 1987, and 1988. In August 1991, an indictment was filed against petitioner for violating section 7201 for the years 1985, 1986, and 1987.[7] In

---

[6] The notice of deficiency specifies that petitioner received the Sohio Employees Investment Plan distributions in 1983.

[7] Sec. 7201 provides:

   Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 * * * or imprisoned not more than 5 years, or both, together with the costs of prosecution.

November 1991, in the U.S. District Court for the Southern District of Texas, a jury verdict was returned finding petitioner guilty of violating section 7201 for the years 1985, 1986, and 1987.  Judgment became final in August 1994.

Discussion

Summary judgment is appropriate "if the pleadings, * * * admissions, and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The party seeking summary judgment bears the burden of proving that there is no genuine issue of material fact.  Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

However, the party opposing summary judgment may not rely upon the mere allegations or denials in his pleadings but "must set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d); Sundstrand Corp. v. Commissioner, supra.  Petitioner has failed to do so.  Indeed, he refused to do so on repeated occasions despite Court orders that he respond in a specific, factual manner to respondent's proposed stipulations and requests for admissions.  The result, under our Rules, is that numerous facts have been deemed established for purposes of this case.  Moreover, petitioner declined the opportunity to prove or dispute any facts at a trial when offered the chance to do so and likewise did not allege any factual dispute in his

response to respondent's summary judgment motion.  In these circumstances, we conclude that petitioner has failed to set forth any specific fact showing there is a genuine issue for trial in regard to the income tax deficiencies and additions to tax under section 6654.

The suggestion in the petition that petitioner was "prevented" from providing financial information to refute respondent's deficiency determination on Fifth Amendment grounds does not alter our conclusion.  The petition states:

> Petitioner * * * has at various times offered to file 1040s upon receipt of a proper grant of immunity.  Without a grant of immunity, Petitioner is prevented from submitting financial information sufficient to refute the taxable income determined by Respondent lest it be used against him in a civil or criminal matter.  Petitioner does not need immunity because he believes he has committed a criminal act -- quite the contrary.  Petitioner's fear of providing the information without immunity is real and substantial. Petitioner recently was released after serving time in a Federal prison for alleged income tax offences [sic].  At his trial, a 1040, he had filed about 1980, was used by the Government as an exhibit to the jury and was instrumental in a jury conviction. * * *

In all of petitioner's subsequent filings in this case, most of which were in response to efforts to obtain disclosure of information from petitioner, there was no mention of immunity or the Fifth Amendment privilege against compulsory self-incrimination.  Instead, petitioner took the position that respondent lacked authority to proceed against him because of a transfer of functions to the BATF or a lack of implementing regulations.  Likewise, at the hearing and recall of this case, as well as in his response to respondent's motion for summary

judgment, petitioner failed to mention any Fifth Amendment claim. In these circumstances, we believe that petitioner abandoned whatever Fifth Amendment privilege he may have sought to raise in the petition.[8]

In his response to respondent's motion for summary judgment, petitioner repeats the principal grounds he has asserted throughout the case against respondent's determination; namely, that respondent lacks authority to assess or collect the taxes at issue in this case because either (1) such authority has been transferred to the BATF, or (2) there are no regulations implementing the assessment and collection provisions of the Internal Revenue Code.[9]

As to the BATF transfer argument, petitioner asserts that Treasury Department Order 221, 1972-1 C.B. 777, transferred various chapters of the U.S. Code, including chapters 63 and 64, from title 26 of that Code to title 27 of that Code.

---

[8] Petitioner's Fifth Amendment assertion was made, in any event, in connection with a blanket refusal to furnish any information with respect to his income tax liability, which is not protected under the Fifth Amendment. United States v. Johnson, 577 F.2d 1304, 1311 (5th Cir. 1978); see also United States v. Sullivan, 274 U.S. 259, 264 (1927).

[9] A review of petitioner's filings in this case reveals one additional argument, namely, certain alleged defects in a levy action against petitioner, including what petitioner argues are false or misleading statements in Form 668-W, Notice of Levy on Wages, Salary and Other Income. The short answer to petitioner's argument is that it has no application in this case. The Form 668-W relates to tax years 1980 and 1981. Neither of these tax years is before the Court, and no issue regarding a levy has been raised in these proceedings.

Treasury Department Order 221, _supra_, states in pertinent part:

>     2. The Director [of the BATF] shall perform the functions, exercise the powers, and carry out the duties of the Secretary [of the Treasury] in the administration and enforcement of the following provisions of law:
>
>         (a) Chapters 51 [Distilled Spirits, Wines and Beer], 52 [Tobacco, Cigars, Cigarettes, and Cigarette Papers and Tubes], and 53 [Machine Guns and Certain Other Firearms] of the Internal Revenue Code of 1954 and section 7652 and 7653 of such Code insofar as they relate to the commodities subject to tax under such chapters;
>
>         (b) Chapters 61 to 80, inclusive, of the Internal Revenue Code of 1954, insofar as they relate to activities administered and enforced with respect to chapters 51, 52, and 53 * * *

The plain language of Treasury Department Order 221, _supra_, negates petitioner's conclusion that respondent's assessment and collection authority with respect to the deficiencies in income tax and additions to tax here at issue has been transferred to the BATF.  Specifically, paragraph 2(b) of Treasury Department Order 221 states that the Order applies to chapters 61 to 80 of the Internal Revenue Code "_insofar_ as they relate to" (emphasis added) activities administered and enforced with respect to chapters 51 (alcohol), 52 (tobacco), and 53 (firearms). Consequently, to the extent that chapters 61 to 80 govern procedure and administration for income and other taxes, Treasury Department Order 221, _supra_, by its plain terms has no application.  Accordingly, there is no basis for petitioner's argument that there has been a transfer or elimination of respondent's authority to act pursuant to chapters 61 to 80 with

respect to the deficiencies and additions to tax here at issue. For the same reasons, neither the Code of Federal Regulations nor the parallel table of authorities cited by petitioner supports his BATF transfer argument.[10] We see no reason to belabor that point.

As to petitioner's argument concerning a lack of implementing regulations, petitioner's contention that title 27, but not title 26, of the Code of Federal Regulations contains implementing regulations for various Internal Revenue Code sections,[11] including those sections contained in chapters 63 and 64 regarding assessment and collection, is incorrect as a matter of fact. Numerous regulations have been promulgated concerning respondent's assessment and collection authority as it may bear on these proceedings. See, e.g., secs. 301.6020-1, 301.6201-1, 301.6203-1, 301.6211-1, 301.6212-1, 301.6213-1, 301.6215-1, 301.6301-1, 301.6303-1, 301.6601-1, 301.6651-1, Proced. & Admin. Regs. Petitioner's challenge to respondent's assessment and collection authority has no merit. Respondent validly issued a notice of deficiency under the authority of sections 6211 and 6212. Petitioner has invoked the jurisdiction of this Court

---

[10] The parallel table of authorities is merely an ancillary finding device included in the Code of Federal Regulations.

[11] Petitioner cites the following Internal Revenue Code secs.: 6020, 6201, 6203, 6301, 6303, 6321, 6331 through 6343, 6601, 6602, 6651, 6701, and 7207. Secs. 6321, 6331-6343, 6701, and 7207 relate to issues that are not, in any conceivable way, raised in these proceedings. We see no need to address those provisions.

under section 6213, and respondent has refrained from assessing or collecting the taxes here at issue pending a final decision of this Court, as also provided in section 6213.  All three of these Internal Revenue Code sections have implementing regulations. See secs. 301.6211-1, 301.6212-1, 301.6213-1, Proced. & Admin. Regs.  Petitioner's claim that a lack of implementing regulations vitiates respondent's authority to proceed in this case is unfounded.[12]

---

[12]  Contrary to petitioner's claims, the absence of implementing regulations would not, generally speaking, preclude the Commissioner from enforcing sections of the Internal Revenue Code.  Provisions of the Internal Revenue Code generally do not require implementing regulations as a prerequisite to enforcement.  See Occidental Petroleum Corp. v. Commissioner, 82 T.C. 819, 829 (1984); see also E.I. du Pont de Nemours & Co. v. Commissioner, 102 T.C. 1, 13 (1994), affd. 41 F.3d 130 (3d Cir. 1994), affd. sub nom. Conoco, Inc. v. Commissioner, 42 F.3d 972 (5th Cir. 1995).

Petitioner's reliance on California Bankers Association v. Shultz, 416 U.S. 21 (1974); Lyeth v. Hoey, 305 U.S. 188 (1938); and Dodd v. United States, 223 F. Supp. 785 (D.N.J. 1963), affd. 345 F.2d 715 (3d Cir. 1965), for the proposition that the Commissioner lacks authority to enforce Internal Revenue Code provisions without implementing regulations, is misplaced.

Petitioner quotes, out of context, the observation in Dodd that "For Federal tax purposes, the Federal Regulations govern." Dodd v. United States, supra at 787.  But the proposition for which Dodd and Lyeth v. Hoey, supra, stand is that Federal regulations, not local law, control when construing a Federal tax statute unless the statute expressly or impliedly makes its operation dependent upon local law.  Petitioner's circumstances do not present this issue.

Petitioner quotes from California Bankers Association v. Shultz, supra at 26, the following:

we think it important to note that the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the

(continued...)

Consequently, neither the BATF transfer nor the implementing regulations argument helps petitioner.  They provide no grounds to deny respondent's motion for summary judgment, nor do they justify petitioner's refusal to provide responsive answers to respondent's proposed stipulations and requests for admission.

1.  The Deficiencies and Additions to Tax for Failure To Pay Estimated Tax Under Section 6654 for Tax Years 1982-88

Respondent's determinations of income tax deficiencies in the notice of deficiency are presumed correct, and it is petitioner's burden to prove that they are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The section 6654 addition to tax for failure to pay estimated tax is mandatory unless petitioner establishes that a statutory exception applies.  Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

Throughout these proceedings, petitioner has refused to offer any evidence directed towards the deficiencies or the section 6654 additions to tax as determined in the notice of deficiency.  Moreover, for the reasons stated previously,

---

[12](...continued)
Secretary were to do nothing, the Act itself would impose no penalties on anyone.

However, the Supreme Court was therein describing the particular statutory scheme of the Bank Secrecy Act of 1970, under which regulations were required to be promulgated before the penalties in the statute could attach.  The situation in the instant case is clearly distinguishable.  As discussed supra, the authority being exercised with respect to petitioner is expressly provided by statute.  Such authority is not preconditioned on the promulgation of regulations, as were the penalties in California Bankers.

petitioner is deemed to have admitted that he received taxable income from various sources, including wages and nonemployee compensation, for all years at issue. Petitioner is further deemed to have admitted that he failed to file Federal income tax returns reporting that income for any year.

On the basis of this record, we find that there is no genuine issue of material fact as to the deficiencies and additions to tax under section 6654 for failure to pay estimated tax, and a decision may be rendered as a matter of law. Therefore, respondent's motion for summary judgment will be granted with respect to these issues.

## 2. Fraud Additions to Tax

In order to prevail on the proposed additions to tax for fraud, respondent must prove by clear and convincing evidence that an underpayment exists in the years at issue and that some portion of the underpayment is due to fraud. Sec. 7454(a); Rule 142(b); Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). For purposes of section 6653(b), an underpayment is the full amount of the tax imposed where the taxpayer fails to file a return. Sec. 6653(c)(1); Bagby v. Commissioner, 102 T.C. 596, 607 (1994); sec. 301.6653-1(c)(1)(ii), Proced. & Admin. Regs.

Respondent may meet her burden of proving liability for the additions to tax for fraud by deemed admissions and facts deemed stipulated. Coninck v. Commissioner, 100 T.C. 495, 499 (1993); Smith v. Commissioner, 91 T.C. 1049, 1052-1053 (1988), affd. 926 F.2d 1470 (6th Cir. 1991), and cases cited therein. Petitioner

is deemed to have admitted receiving taxable income for all years at issue and failing to file returns for those years reporting the income.  Hence, respondent has shown by clear and convincing evidence that an underpayment exists for all years at issue.

As to evidence that some portion of the underpayment for the tax years 1985, 1986, and 1987 is due to fraud, a conviction for willful attempt to evade or defeat income taxes under section 7201 precludes a taxpayer in a subsequent civil tax proceeding from denying that an underpayment in his income tax for the taxable year of conviction was due to fraud.  Tomlinson v. Lefkowitz, 334 F.2d 262, 265 (5th Cir. 1964); Amos v. Commissioner, 43 T.C. 50, 53-56 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

It has been stipulated that petitioner was convicted under section 7201 for tax years 1985, 1986, and 1987 in the U.S. District Court for the Southern District of Texas, and the judgment became final in August 1994.  Thus, petitioner is precluded from denying that underpayments of his income taxes for 1985, 1986, and 1987 were due to fraud.  Consequently, respondent's motion for summary judgment on the fraud issue as to 1985, 1986, and 1987 will be granted.

As to evidence that some portion of the underpayment for the tax years 1982, 1983, 1984, and 1988 is due to fraud, the Commissioner meets her burden of proof if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection

of such taxes.  Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); see also Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366, 377-378 (5th Cir. 1968), affg. T.C. Memo. 1966-81.

When fraud is alleged for multiple tax years, the Commissioner must meet her burden of proof for each tax year. Castillo v. Commissioner, 84 T.C. 405, 409 (1985).  The existence of fraud is a question of fact to be decided on consideration of the entire record.  Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).  Fraud is never presumed.  Beaver v. Commissioner, 55 T.C. 85, 92 (1970).  Because direct proof is seldom available, fraud may be proven by circumstantial evidence.  Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969).

The taxpayer's entire course of conduct may establish fraud. Spies v. United States, 317 U.S. 492 (1943); Castillo v. Commissioner, supra.  This includes conduct frequently considered "badges" or indicia of fraud such as:  (1) Failure to file returns; (2) failure to report income over an extended period of time; (3) the taxpayer's experience and knowledge, Solomon v. Commissioner, 732 F.2d 1459, 1461-1462 (6th Cir. 1984), affg. T.C. Memo. 1982-603; (4) filing false Forms W-4; and (5) failure to make estimated tax payments.  Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601;

Recklitis v. Commissioner, 91 T.C. 874, 910 (1988); Rowlee v. Commissioner, supra at 1125.

Although failure to file tax returns, even over an extended period, may not per se establish fraud, it is persuasive circumstantial evidence of fraud. Marsellus v. Commissioner, 544 F.2d 883, 885 (5th Cir. 1977), affg. T.C. Memo. 1975-368; Recklitis v. Commissioner, supra at 910-911.

Petitioner is deemed to have admitted that he submitted Forms W-4 for tax years 1984 and 1988 to his employer claiming that he was exempt from Federal withholding.[13] Although the Forms W-4 are not part of the record, the Court takes judicial notice of the 1984 and 1988 Forms W-4 and relevant instructions (as published by the U.S. Government Printing Office) for purposes of evaluating whether petitioner's filing was false. See Recklitis v. Commissioner, supra at 911 and n.13.

The 1984 and 1988 Forms W-4 required taxpayers to certify under penalties of perjury that they were entitled to claim exempt status. In order to qualify for exempt status, the Forms W-4 provide that the following two requirements must be met:

>    a   Last year I did not owe any Federal income tax and had a right to a full refund of **ALL** income tax withheld, **AND**

---

[13] Petitioner is also deemed to have admitted filing Forms W-4 claiming exemption for 1985, 1986, and 1987. Because we are granting respondent's motion for summary judgment for 1985, 1986, and 1987 as to fraud based on petitioner's conviction under sec. 7201, we need not consider the filing of Forms W-4 for 1985, 1986, and 1987.

    b    This year I do not expect to owe any Federal income tax and expect to have a right to a full refund of **ALL** income tax withheld. * * *

Petitioner is deemed to have admitted that he received substantial taxable income from various sources during the years relevant to the Forms W-4 (1983, 1984, 1987, and 1988) but failed to file Federal income tax returns for each of these years. Thus, petitioner's deemed admissions unequivocally discredit his sworn certification that he satisfied both requirements to qualify for exempt status. Moreover, petitioner is deemed to have admitted that he was employed as an accountant by British Petroleum Exploration Co. from 1983 to 1988. It is implausible that petitioner's experience as an accountant would lead him to conclude that he satisfied both requirements to qualify for exempt status. Therefore, we conclude that petitioner's Forms W-4 for 1984 and 1988 were fraudulent.

Consequently, for 1984 and 1988, petitioner's failure to file Federal income tax returns, submission of fraudulent Forms W-4, and experience as an accountant, coupled with his failure to report substantial amounts of income, present clear and convincing evidence of fraud. Thus, there is no genuine issue as to a material fact, and a decision may be rendered as a matter of law. Respondent's motion for summary judgment as to the additions to tax for fraud for 1984 and 1988 will be granted.

However, the tax years 1982 and 1983 merit a different result. There is no evidence of a criminal conviction under section 7201 or that petitioner filed fraudulent Forms W-4 for

these 2 years. Thus, on this record, we find and hold that respondent has failed to show the requisite intent to evade taxes by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes, see <u>Rowlee v. Commissioner</u>, <u>supra</u>, by clear and convincing evidence for the tax years 1982 and 1983. Circumstances which at most create only a suspicion of fraud will not support a finding of fraud. <u>Parks v. Commissioner</u>, 94 T.C. 654, 664 (1990). Accordingly, respondent's motion for summary judgment will be denied as to the fraud additions for tax years 1982 and 1983.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.