**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-50916
Summary Calendar

ROBERT W. DOUGLAS

Plaintiff-Appellant

v.

UNITED STATES

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC 5:07-CV-593

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Robert W. Douglas failed to pay the income taxes he owed for multiple years, including at least 1998 and 2000-2003. Between 2000 and 2003 the IRS assessed tax liabilities against Douglas based on returns prepared under I.R.C. § 6020(b) which authorizes the IRS to create returns for taxpayers who fail to file or file fraudulent returns. In May 2006, the IRS mailed Douglas a notice of intent to levy with respect to his 1998 and 2000-2003 taxable years.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Douglas requested a collection-due-process hearing under I.R.C. § 6330 to contest the levies, but the IRS Appeals Office concluded that the assessments were properly made. The IRS issued notices of levy in May 2007 to two banks, reflecting a total amount due of $168,139.99; the IRS was able to collect $764.34 from Frost National Bank and $69.93 from Wachovia Bank. These levys satisfied the 1998 deficiencies. As of shortly thereafter, Douglas had unpaid federal income tax liabilities of $94,554.90 for 2000, $11,216.41 for 2001, $10,937.18 for 2002, and $12,764.23 for 2003.

Douglas filed a complaint in the district court on July 13, 2007, seeking damages for alleged unauthorized collection actions in connection with the levys on his bank account, refunds of federal income tax, and injunctive relief. The district court granted summary judgment to the IRS. We now affirm.

We review a grant of summary judgment *de novo*. *Texas Industries, Inc. v. Factory Mutual Ins. Co.*, 486 F.3d 844, 846 (5th Cir. 2007). Douglas argues first that the levys required his authorization or a court order. But when a taxpayer fails to pay assessed taxes, the amount he owes, plus any interest and penalties, becomes a lien in favor of the United States automatically. I.R.C. §§ 6321, 6322. The Supreme Court has held that the administrative collection scheme by means of levy is Constitutional. *See, e.g., United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985). Further, Douglas is mistaken in arguing that there have been no implementing regulations passed that would empower the government to make assessments or collections under the Internal Revenue Code. In fact "[n]umerous regulations have been promulgated concerning [the IRS's] assessment and collection authority." *Stafford v. Commissioner*, 73 T.C.M. (CCH) 1848, 1851-52 (1997). Further, courts have consistently held that provisions of the Code do not have to be implemented by regulation in order to be effective. *See, e.g., United States v. Hicks*, 947 F.2d 1356, 1360 (9th Cir. 1991).

Douglas also appears to demand a refund. A taxpayer must timely file an administrative claim with the IRS before seeking a refund in court. *PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000). A taxpayer seeking a refund must also prove that he has paid the IRS-assessed liability in full before filing suit. *Flora v. United States*, 362 U.S. 147, 177 (1960). Douglas has failed to do either. His argument that the IRS committed "fraud" by filling out returns on his behalf as authorized by I.R.C. § 6020(b) is frivolous. Douglas is thus not entitled to a refund for any payments made or amounts levied by the IRS.

Douglas finally argues that the district court erred in denying his motion for summary judgment because he is a "non-taxpayer." According to Douglas, he was born and domiciled in the State of Texas and has refused to "volunteer" to pay income tax, and no federal statute requires him to pay taxes because he is not an employee of the federal government. Douglas unsurprisingly cites no law in support of these claims. As discussed above, the IRS acted properly in levying his funds and Douglas is not entitled to a refund. The judgment of the district court is AFFIRMED.