**ATLANTA CASKET CO. v. ROSE, Collector of Internal Revenue.**

Circuit Court of Appeals, Fifth Circuit. November 30, 1927.

No. 4907.

Internal revenue ⊶38(11)—In suit to recover taxes, plaintiff must allege and prove what correct amount should be.

In a suit to recover taxes, burden is on plaintiff to allege and prove what the correct amount should be.

The assessment made being prima facie correct, it is immaterial what method was used in making it.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the Atlanta Casket Company against J. T. Rose, Collector of Internal Revenue for the district of Georgia. Judgment for defendant, and plaintiff brings error. Affirmed.

Sidney J. Hayles and Shepard Bryan, both of Atlanta, Ga. (Bryan & Middlebrooks, of Atlanta, Ga., on the brief), for plaintiff in error.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., and Charles T. Hendler, Sp. Atty., Internal Revenue, of Washington, D. C. (Clint W. Hager, U. S. Atty., of Atlanta, Ga., and A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, a Georgia corporation engaged in the manufacture of coffins, brought suit to recover $18,487.53, alleged to have been erroneously assessed as additional income and excess profit taxes for the year 1918. A demurrer was sustained, and the suit dismissed

Briefly stated, the material allegations of the petition are these: In August, 1910, at the behest of a majority stockholder, the net worth of the company was arbitrarily reduced on the books to $57,382.50, which undervalued the stock $12,618.34 and wiped out the accumulated surplus. After new books were opened on that basis, all prior books and records were destroyed, and all subsequent statements were added to the erroneous statement. The Commissioner had no means of ascertaining invested capital in 1910 and for the year 1918, and therefore was required to compute the tax under the provisions of sections 327 and 328 of the Revenue Act of 1918 (Comp. St. §§ 6336⅛j, 6336⅛k), by a comparison of the ratio between the average tax and the average net income of representative corporations in the same business, which he refused to do. Some 10 corporations in the same line of business are named in the petition.

It is not shown on what basis the return was made, nor is it shown what the actual net worth of the corporation was either in August, 1910, or during the year 1918, nor is it alleged what would be shown by a comparison of the business of the named corporations. It is elementary that, in suing to recover taxes, the burden is on the plaintiff to allege and prove what the correct amount should be, and it is immaterial what method the collector uses in making his assessment. It could hardly be said that the collector had no means of ascertaining the invested capital of the corporation, either in August, 1910, or 1918, when the corporation had deliberately stated the amount of the net worth on its books. If the Commissioner was not satisfied with the correctness of the books, he might have ascertained the true figures by inquiring from interested parties, or by some other investigation.

The allegations tending to show that the Commissioner used the wrong method in determining and assessing the tax are contradicted and destroyed by the facts alleged. It was not sufficient to allege that the Commissioner used a wrong method in assessing the tax. That was a matter wholly within his discretion, and the assessment must be taken as prima facie correct. Anderson v. Farmers' Loan & Trust Co. (C. C. A.) 241 F. 322. It was incumbent on the plaintiff to allege clearly wherein the assessment was erroneous, and what the correct assessment should have been. That the petition fails to do. We find no error in the record.

Affirmed.