## CROWELL v. COMMISSIONER OF INTERNAL REVENUE.

### LITTLE v. SAME.

### Nos. 6002, 6003.

Circuit Court of Appeals, Sixth Circuit.
Dec. 6, 1932.

I. W. Sharp, of Cleveland, Ohio (F. X. Cull and Bulkley, Hauxhurst, Inglis & Sharp, all of Cleveland, Ohio, on the brief), for petitioners.

A. G. Divet, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Arthur Carnduff, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Both appeals are from decisions of the Board of Tax Appeals based upon one set of findings, and by stipulation here consolidated. The controversy involves the test that, under the applicable statute and regulations, must be applied to determine value for income tax purposes of shares of stock received as compensation for personal services, and the effect of the presumption that the commissioner's determination is correct.

The petitioners were respectively chairman of the board of directors and president of the Crowell & Little Construction Company, an Ohio corporation, engaged in the building construction business during the year 1923. Each received a cash salary of $12,000, and, in addition, stock in the corporation of the par value of $6,000. The stock was issued pursuant to a plan applicable to officers and more important employees to supplement their cash salaries. In its tax return for 1923 the corporation treated the stock issued to the petitioners as of par value, and took deductions therefor as salary paid. In their individual returns for the same year the petitioners did not include the stock in their income at any value, although they disclosed its receipt. The commissioner added the amount of $6,000 to the income of each, and the deficiencies here involved are on account of such additions. Upon review, the Board of Tax Appeals found that the evidence was not sufficient to justify a finding contrary to the commissioner's determination.

Section 213 (a) of the Revenue Act of 1921 (42 Stat. 237) defines gross income as including gains, profits, and income derived from salaries, wages, or compensation for personal service "of whatever kind and in whatever form paid," and provides for including such items in gross income for the taxable year in which they are received. It would seem clear from the terms of the statute that stock received by way of salary, if it has value, is income, taxable in the year received. The Treasury Department, however, by Regulation 62, Article 33, set up a formula by which the value of such stock is to be determined. In so far as applicable it is printed in the margin.[1] It is argued from this that stock received as compensation for personal service is taxable in the year received only if (1) it has a market value, and (2) if that market value is readily realizable, and that if no market exists, or if the fair market value is not readily realizable, no taxable income results from its receipt.

We think this position cannot be sustained. The mandate of section 213 (a) of the act which requires inclusion in gross income of all compensation in whatever form paid, is clear and unambiguous. The only purpose of a regulation in respect to it is to provide a reasonable method whereby the value of property received as compensation may be fairly determined. This, Regulation 62 purports to do. It must be read, however, in the light of the act, and so read any seeming confusion of its terms is at once resolved. Readily realizable market value may well be considered the best, if not a conclusive, measure of value. If such standard of value exists, it is, under the regulation, to be applied. It is not, however, an exclusive standard, the nonexistence of which compels a determination of no value. If services are rendered at an agreed price, such price is presumed to be the fair value of the compensation, in the absence of evidence to the contrary. Evidence of intrinsic value, of market value, or readily realizable market value, might well constitute such contrary evidence, challenging the presumption. With specific reference to stock paid by a corporation to an employee, the regulation provides that it shall be treated as though sold at market value, and the employee paid in cash. Whether we consider this test as exclusive in relation to stock, or merely an alternative test to be applied when no readily realizable market value or agreed price can be established, is immaterial. The measure of compensation received in stock is its market value, whether readily realizable or not.

We see no help for the petitioners in the provisions of section 202 of the statute (42

[1] "Where services are paid for with something other than money, the fair market value, if readily realizable, of the thing taken in payment is the amount to be included as income. If the services were rendered at a stipulated price, in the absence of evidence to the contrary, such price will be presumed to be the fair value of the compensation received. Compensation paid an employee of a corporation in its stock is to be treated as if the corporation sold the stock for its market value and paid the employee in cash. * * * *"

Stat. 229). That section provides a basis for determining whether an exchange of property results in gain or loss, or leaves the taxpayer where he was with respect to income. The difference in the purposes of the two sections fully accounts for the difference in terms. Section 213 (a) provides for inclusion in income of compensation for personal service. All compensation is income if value can be put upon it. Section 202 sets up a test for recognizing whether upon exchange of property any income results. If the exchange leaves the taxpayer where he was before, under the doctrine of Eisner v. Maccomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, he has received no income. Therefore, the importance of making readily realizable market value the basis upon which the existence of gain or loss may be recognized is clear. And in any event there appears no ambiguity in section 213 to be dispelled by importing into it the language of section 202.

▇▇▇ Nor do we attach any importance to the fact that respondent in his deficiency letter seemingly indicated that his determination of value was based upon the existence of readily realizable market value for petitioners' stock. It was the respondent's determination that was in issue before the board, and not the soundness of his reasoning. The burden was upon the petitioners to prove the assessment wrong. If correct on any basis, the petitioners must fail. J. & O. Altschul Tobacco Company v. Commissioner, 42 F.(2d) 609 (C. C. A. 5); Atlanta Casket Company v. Rose, 22 F.(2d) 800 (C. C. A. 5); Anderson v. Farmers' Loan & Trust Company, 241 F. 322 (C. C. A. 2), cf. Reinecke v. Spalding, 280 U. S. 227, 50 S. Ct. 96, 74 L. Ed. 385; Duffin v. Lucas, 55 F. (2d) 786, 791 (C. C. A. 6).

▇▇ We come then to the remaining question in the case. Was the evidence before the board such that it was required to hold that petitioners' stock did not have a market value equal to its par value? The board concluded that the evidence did not overcome the presumption that respondent's determination was correct. We have repeatedly held that the decisions of the taxing officer and the Board of Tax Appeals are conclusive if there be substantial evidence to support them, and the record does not clearly and convincingly require a contrary conclusion. Tracy v. Commissioner (C. C. A.) 53 F.(2d) 575; Atlas Plaster & Fuel Company v. Commissioner (C. C. A.) 55 F.(2d) 802; Harmount v. Commissioner (C. C. A.) 58 F.(2d) 118. We have

also held that the taxpayer has made out his case when he has put in proofs "clearly and distinctly tending to show" a determining fact, and the proofs remain "unchallenged by contrary proofs or destructive analysis." Rookwood Pottery Company v. Commissioner (C. C. A.) 45 F.(2d) 43; Pioneer Pole & Shaft Company v. Commissioner (C. C. A.) 55 F.(2d) 861. This is not to say, however, that the affirmative evidence of the taxpayer may not contain within itself the necessary challenge, just as it may, and often does, furnish material for destructive analysis.

The petitioners presented evidence tending to show that the Crowell & Little Construction Company was a small, close corporation, with only eight stockholders, all of whom were officers or employees actively devoting their time to the corporation's business; that the business of the company was a hazardous one; that, while it earned profits and paid dividends in a number of years, it also ran into periods of loss; that there were concealed liabilities; that it was impossible to borrow money without their personal guaranty; that there were no sales of stock in 1923 or 1924, except one of 100 shares to a new employee, who gave his note with the hope that it would be paid out of earnings; that there were not only no sales, but no bids for, or offers to sell stock; and that the petitioners did not know of any one who would have purchased their stock except employees of the company. Upon such showing the petitioners contend that the presumption of the correctness of the respondent's determination was overcome.

The respondent presented no proofs, but the evidence disclosed that in 1922 there was a profit returned by the corporation for taxation purposes of approximately 32 per cent. on the then outstanding stock; that in 1923, the taxable year, there were profits of more than 25 per cent.; that dividends were actually paid during the year on all stock, including that here involved, at the rate of 12 per cent. per year; that at the close of 1923 the book value of the stock was $106 per share; that the corporation deducted par value of stock issued, as an expense, and that in 1923 there was a demand for stock by the employees of the company.

▇▇▇ We do not understand that market value is to be determined only by proof of actual sales. It may exist independent of such sales, and is measured by what one under no compulsion to sell is willing to take, and another not under compulsion to buy but desirous of buying is willing to pay. Earning

power is competent evidence of value. Tracy v. Commissioner, supra. Substantial intrinsic value was here conceded, or at least not denied, and such intrinsic value may be resorted to for the purpose of establishing market value where from proven facts and circumstances there could be no doubt of the existence of a market if the same were offered for sale. O'Meara v. Commissioner, 34 F. (2d) 390 (C. C. A. 10). (Cited by petitioners.)

That the court will not weigh the evidence, nor usurp the power of administrative decision where judgment and discretion are involved is too well settled to require citation. That the petitioners presented substantial proofs challenging the correctness of respondent's determination may be conceded. That there was evidence before the board of substantial character supporting it is equally true. With the probative force of factual inferences reasonably drawn, we have no concern. We cannot say upon this record that the respondent's determination was so clearly wrong as to have required a contrary finding by the Board of Tax Appeals, and its orders are affirmed.