**ESTATE of J. A. KREIS, Deceased, Herbert Clark et al., Executors, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 12428.**

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1955.

Dewey R. Roark, Jr., Washington, D. C. (Geo. E. H. Goodner, Washington, D. C., of counsel), for petitioners.

John J. Kelley, Jr., Washington, D. C. (H. Brian Holland, Ellis N. Slack, Stanley P. Wagman, Washington, D. C., on the brief), for respondent.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

The estate of the taxpayer has petitioned this court to review a decision of the Tax Court of the United States holding, upon the basis of its findings of fact and opinion, deficiencies to exist in the income tax of the decedent in the amount of $68,205.31 for the year 1945 and $2,969.09 for the year 1944. The controversy stems from the sale by the decedent on January 5, 1943, of farm properties some three miles from Knoxville, Tennessee.

The decedent acquired 288.3 acres of the land prior to March 1, 1913, which the Commissioner of Internal Revenue found had cost decedent $25,650 and was given a basis of $33,832. Decedent had acquired 57.26 additional acres between 1915 and 1923, which the Commissioner determined had cost decedent $13,082 [the actual cost, $12,584]. Many years later, on September 18, 1942, decedent purchased for $21,939.05 an island containing 109 acres. The Commissioner allocated $26,360 to this island of the total sales price received by decedent from the United States, which purchased all the land involved herein.

Section 113(a) of the Internal Revenue Code 1939, 26 U.S.C.A. § 113(a), relates to the basis for determining gain or loss on a sale of property acquired prior to March 1, 1913; and Section 113(b) (1) (B) provides that the adjusted basis of the property shall be its basis, less the amount of depreciation "allowed as deductions in computing net income * * * but not less than the amount allowable * * *."

The principal controversy presented is with respect to the adjusted basis of more than forty buildings, or improvements, which were on the property at the time decedent sold it to the Government. The Commissioner determined that the residence on the property cost $8,000 and that the other improvements cost $33,274.81; that the accrued depreciation totalled $13,925.89; and that the adjusted basis was $27,348.92. The contention of petitioners herein is that the improvements cost $205,333.91; that the accrued depreciation amounted to $51,713.06, making the adjusted basis $153,620.85.

Petitioners base their contention on the report of the American Appraisal Company, an acknowledged leading expert in its field. After devoting much time to the work, this company submitted an elaborately detailed report. It is important to note that, in seeking to establish the cost of improvements by the testimony of this expert appraiser, the petitioners introduced no direct testimony or records to establish the cost of improvements, or the amount of accrued depreciation. Nor did petitioners make a satisfactory explanation of their failure to introduce any such record evidence.

The Commissioner of Internal Revenue evidently based his determination upon the 1942 individual income tax re-

turn of the decedent. This return was filed some two months after the sale of the farm property in question. The return, signed by the decedent, stated the cost of the dairy, the hatchery, and the farm improvements, and the amount of depreciation. The petitioners introduced no evidence concerning the cost to neighbors of erecting similar buildings around the time these buildings were erected. The estimates of the expert appraiser were based exclusively upon records of decedent as to costs of labor and material. This data was not introduced in evidence and could be verified neither by the Commissioner nor by the court. Petitioners made no attempt to establish the amount of depreciation, except by testimony as to the useful life of the various improvements and the computation of allowable depreciation accordingly.

As the tax court said: "Thus, without proving the necessity therefor, petitioner attempted to establish the cost of the improvements by secondary evidence. The secondary evidence consisted of mere estimates of cost based upon unwarranted assumptions and hearsay data. No attempt was made to establish the amount of allowed depreciation; nor did petitioner attempt to explain or offer evidence to overcome the statements contained in the decedent's 1942 income tax return. In our opinion petitioner's evidence falls short of proving that respondent's determination was erroneous." The court then rejected the contention of petitioners that the 288 acres of land acquired by decedent prior to March 1, 1913, had a fair market value of approximately $10,000 more than the basis determined by the Commissioner and gave adequate reasons for its conclusion. The tax court upheld the determination of the Commissioner as to the amount of gain realized by decedent from the sale of the properties, saying: "Having given careful consideration to the expert's opinion and to the factors upon which it was based, we do not think petitioner has demonstrated that respondent's determination was erroneous."

 We concur in that holding. To upset the evaluation placed upon property by the Commissioner of Internal Revenue sustained by the tax court requires a plain showing that the findings of fact as to value are clearly erroneous. See First National Bank of Memphis v. Commissioner of Internal Revenue, 6 Cir., 125 F.2d 157, and cases there cited; Crowell v. Commissioner of Internal Revenue, 6 Cir., 62 F.2d 51, 53; Tracy v. Commissioner of Internal Revenue, 6 Cir., 53 F.2d 575, 579, certiorari denied 287 U.S. 632, 53 S.Ct. 83, 77 L.Ed. 548; Gamble v. Commissioner of Internal Revenue, 6 Cir., 101 F.2d 565, 567. The petitioners in the instant case have failed to carry the heavy burden which the law places upon them. In determining the value of property, the tax court is not bound by the opinion of expert witnesses when that opinion is contrary to its own judgment. First National Bank of Memphis v. Commissioner of Internal Revenue, supra; Tracy v. Commissioner of Internal Revenue, supra.

The decision of the Tax Court of the United States is affirmed.