**PURE OIL COMPANY, Plaintiff-Appellee,**

v.

**SUPERIOR OIL & TIRE COMPANY, Inc., and Kelly Daniels, Defendants-Appellants.**

**No. 15095.**

United States Court of Appeals
Sixth Circuit.

May 20, 1963.

---

3. The defendant's total time in prison was not increased by the long delay between the indictment and the imposition of a valid sentence. At the first trial, Judge Bruchhausen sentenced the defendant to a maximum term of twenty-two years imprisonment (November 15, 1956). At the fourth trial, the defendant was sentenced on April 14, 1961, to a maximum term of twenty years. When sentence was imposed at the fourth trial, the defendant had still not finished serving a previous state sentence.

L. D. May, Pikeville, Ky., for appellants.

John C. Snodgrass, Palatine, Ill., Francis M. Burke, Pikeville, Ky., on brief; Glenn P. Beavers, Columbus, Ohio, of counsel, for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

CECIL, Chief Judge.

The Pure Oil Company, plaintiff-appellee, brought this action against the defendants-appellants, Superior Oil & Tire Company, Inc. and Kelly M. Daniels, to recover from them the sum of $16852.13 alleged to be due for products of the Pure Oil Company sold and delivered by it to Superior Oil & Tire Company, Inc. The defendant-appellant, Superior Oil & Tire Company, Inc., counterclaimed against the plaintiff-appellee on various items amounting to $29835.74.

The Pure Oil Company, hereinafter referred to as plaintiff, is an Ohio corporation with its principal place of business in Columbus, Ohio. Superior Oil & Tire Company, Inc. is a Kentucky corporation and Kelly M. Daniels is a resident of Pikeville, Kentucky. They will be referred to as Superior and Daniels, respec-

tively. The United States District Court for the Eastern District of Kentucky had jurisdiction by virtue of diversity of citizenship and the amount claimed being in excess of $10000.

The District Judge referred the case to the Honorable Harry Campbell, as a Special Master, to hear the evidence and make a report of his conclusions of fact and law. The Special Master found that the plaintiff was entitled to recover the full amount of its claim from both defendants and that the defendant Superior was not entitled to recover anything on its counterclaim. He reported to the District Judge his findings of fact and conclusions of law. The judge accepted and adopted the report and confirmed it on all points of law and fact. He entered judgment for the plaintiff for the full amount of its claim together with the costs, including the fee of the Special Master. The defendants appealed.

The plaintiff's claim is in two parts: one, the sum of $12560.79 due plaintiff for gasoline, diesel fuel and kerosene delivered to Superior on consignment and which it sold but did not invoice or pay for, as required by contract of July 10, 1957; two, the sum of $4291.34 for similar products sold by plaintiff to Superior on open account.

The first item has been referred to as a shortage and arose out of a contract between plaintiff and Superior, dated July 10, 1957, and effective August 1, 1957. This contract canceled a previous contract between plaintiff and Superior, dated September 1, 1954. By the new contract plaintiff was to deliver its products to Superior on consignment. These products were to remain the property of plaintiff until sold. When they were sold Superior was to issue invoices and account to the plaintiff for the proceeds of the sales.

On or about August 30, 1959, the plaintiff discovered that there was a substantial shortage of its consigned products in the possession of Superior. This shortage resulted from sales that were not invoiced and from deliveries to the service station of Mr. Daniels, also not invoiced. Miss Justice, the bookkeeper of Superior, confirmed this shortage in a letter to the plaintiff. She admitted that withdrawals had been made from stock without invoicing or accounting to plaintiff.

Mr. Daniels executed an indemnity agreement on February 19, 1958, by which he, personally, guaranteed to pay to the plaintiff Superior's obligations to it arising out of transactions subsequent to the date of the agreement. Mr. Daniels was sole owner of Superior.

Among the findings of fact reported to the court were numbers 6 and 8, which read as follows: No. 6. "During the period from July 10, 1957, through October 13, 1959, Pure sold and delivered to Superior and Superior did receive from Pure, goods and products totaling $16852.13, which sales were properly invoiced to Superior and which invoices have not been paid."

No. 8. "On February 19, 1958, Kelly M. Daniels entered into a written agreement with Pure by which he personally guaranteed payment of all obligations of Superior."

■ Finding of fact No. 8 is clearly erroneous in that Daniels did not guarantee all obligations of Superior but only those accruing from the date of the agreement and those for goods and products on order at that time. (See copy of written agreement, appellants' appendix 33a-35a.) It is implicit in the argument of counsel for the plaintiff that the agreement does not bind Daniels to personally pay obligations of Superior which had accrued prior to the date of the agreement. (Br. p. 12)

■ In finding No. 6, the Special Master found that the obligation of $16852.13, for which Superior was indebted to plaintiff, accrued during the period from July 10, 1957, through October 13, 1959. Since the agreement was dated February 19, 1958, Daniels could only be held personally liable for the obligation that accrued from February 19, 1958, to October 13, 1959.

We cannot tell from the Master's findings what if any part of the indebtedness of Superior to the plaintiff was due and owing on the date the guaranty agreement was executed. No finding is made as to the date of the invoices of the open account transactions from which $4291.34 of indebtedness accrued.

The rest of the indebtedness, $12560.-79, resulted from a shortage of inventory of products delivered to Superior on consignment and for which it had not accounted at the time the shortage was discovered. Superior incurred no obligation to the plaintiff until it sold and withdrew the consigned products from inventory. In determining the personal liability of Daniels, it is pertinent to know whether the shortage in inventory occurred subsequent to the date of the guaranty agreement. The plaintiff claims that the inventory was accurate at the end of October, 1958, and that the indebtedness for shortage of inventory occurred after that date. The Master made no finding of fact on this point.

■ The findings of fact are inadequate for a determination of the personal liability of Daniels. The cause will be remanded to the District Court for further findings of fact on this issue, in accordance with the views herein expressed. When such findings are made, they should be certified to this Court as a supplemental record on appeal. Until such time as the supplemental record is certified to us, we retain jurisdiction of this appeal. Sec. 2106, Title 28 U.S.C.; United States v. Ueber, 6 Cir., 299 F.2d 310, 315.

The Special Master found that Superior was not entitled to recover on its counterclaim, for the reasons that the second contract released the plaintiff from all claims and demands and that Superior failed to comply with the second contract with reference to notice of claims which was a prerequisite to maintaining its counterclaim.

■ The findings of fact of the Special Master, adopted by the District Judge, as to the liability of Superior and the dismissal of the counterclaim are supported by the evidence and are not clearly erroneous. "The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court." Rule 52(a) F.R. Civ.P. Such findings shall not be set aside unless clearly erroneous. Id. United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746; Commissioner v. Duberstein, 363 U.S. 278, 290–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Kreis' Estate v. Commissioner, 227 F.2d 753, 755, C.A.6.

Under the facts as found, Superior is legally liable to the plaintiff for $16852.-13.

The judgment of the District Court is affirmed, except as to the personal liability of Kelly Daniels. As to Kelly Daniels, the case is remanded to the District Court for further proceedings in conformity with this opinion.