T.C. Memo. 1997-109

UNITED STATES TAX COURT

TERRY D. SMITH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 843-95.                          Filed March 3, 1997.

Richard E. Marsh, Jr., for petitioner.

James E. Gray and Paul G. Topolka, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent determined a deficiency of $33,242
in petitioner's Federal income tax for 1990.

The issue for decision is whether petitioner may defer
recognition of gain realized on the sale of two properties
pursuant to section 1031(a).  We hold that he may not because he

failed to establish that he identified replacement property within 45 days after he transferred the relinquished properties.

Unless otherwise indicated, section references are to the Internal Revenue Code as in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. Petitioner

Petitioner lived in Charlotte, North Carolina, when he filed the petition in this case. Petitioner has been a practicing certified public accountant since 1969. Among his clients are a large number of individuals and small to medium-sized businesses.

In 1989, petitioner and David E. Parrish (Parrish) owned properties at 4938 Monroe Road, Charlotte, North Carolina (the Monroe Road property), and at 1900 East Seventh Street, Charlotte, North Carolina (the Seventh Street property).

B. Petitioner's Sale of the Properties

1. The Monroe Road Property

In December 1989, petitioner contracted to sell his interest in the Monroe Road property to Mr. and Mrs. Thomas Hauch and Mr. and Mrs. Everett Wohlbruck (the Hauchs and the Wohlbrucks). Petitioner sent a letter dated December 15, 1989, to the Hauchs' and Wohlbrucks' attorney, Charles O. Dubose (Dubose). Dubose was an attorney at the law firm of Kennedy, Covington, Lobdell, & Hickman (KCLH). The letter included the following statement:

This is to confirm our conversation today regarding Monroe property as a tax free exchange for my one-half interest in the property. Although I have not yet identified the replacement property, I do intend to perfect an exchange.

Petitioner transferred his one-half interest in the Monroe Road property to the Hauchs and Wohlbrucks on February 5, 1990. The contract of sale did not specify any replacement property.

KCLH sent an internal memo to Randall W. Lee at KCLH's Southpark Office, which included the following statement:

With respect to Mr. Smith's one half undivided interest in the Monroe Road property, he intends to effect a tax free exchange and, therefore, wants us to hold his portion of the net proceeds from the sale in escrow pending further instructions relative to the tax free exchange.

2. The Seventh Street Property

On January 9, 1990, petitioner and Parrish contracted to sell the Seventh Street property to Donald P. McCurdy (McCurdy). Paragraph 6(a) of the contract of sale stated as follows:

Sellers intend for this transaction to qualify under the tax-free exchange provisions of the IRS Code and buyer agrees to execute any related documents required to do so.

The contract of sale did not identify any replacement property. Petitioner transferred his interest in the Seventh Street property to McCurdy on February 14, 1990. Kenneth F. Essex (Essex) was McCurdy's attorney for the closing of the Seventh Street property transaction. Essex's law firm was Essex, Richards, Morris, & Jordan, P.A. Essex was also petitioner's escrow agent for petitioner's portion of the proceeds from the sale of the Seventh Street property. The record does not show

whether the escrow agreement between petitioner and Essex was oral or written.

3. Handling of the Proceeds From the Sale of Both Properties

In a letter dated March 2, 1990, Essex confirmed that he invested petitioner's share of the proceeds from the Seventh Street property ($30,072) in a certificate of deposit with the Bank of Mecklenburg. Around March 20, 1990, KCLH transferred the proceeds from the sale of petitioner's interest in the Monroe Road property ($9,882), by check drawn on KCLH's trust account to Essex's law firm. Essex added those proceeds to the certificate of deposit with the Bank of Mecklenburg.

C. Petitioner's Purchase of the East Boulevard Property

On February 27, 1990, H.P. Smith (Smith), a real estate broker with MECA properties, took petitioner to tour property at 910 East Boulevard, Charlotte, North Carolina (the East Boulevard property), and gave him some preliminary information about the building. The East Boulevard property was well-located for petitioner's accounting practice. East Boulevard was one of two streets in Charlotte on which petitioner was considering buying replacement property. It appeared that the property could possibly be suitable for petitioner, but there were several points that had to be resolved. First, the East Boulevard property needed to be substantially rehabilitated to make it usable. Second, petitioner thought the sellers' price was too high. Third, petitioner wanted to structure the financing with a

high debt-to-value ratio. In order to buy the property, petitioner wanted to obtain some seller financing. Fourth, petitioner could not decide if the property was acceptable without the approval of Frederick R. Black (Black), his new partner. Black saw the East Boulevard property in early March 1990. Petitioner did not look at any properties after February 27, 1990; he was extremely busy because of the tax season.

Smith intended to talk to petitioner on March 26 about making an offer on the East Boulevard property, but it is unknown whether he did so. Petitioner and Black did not make an offer to buy the property until May 14, 1990.

On May 25, 1990, petitioner and Black, as SB Properties, a North Carolina general partnership, contracted with Harold H. and Loretta K. Brown (Mr. and Mrs. Brown) to buy the East Boulevard property. Paragraph (2) of Addendum "A" of the Offer to Purchase and Contract states as follows:

> Exchange Provision. Buyer may wish to qualify this transaction under Section 1031 of the Internal Revenue Code; therefore, Buyer shall have the right to cause Seller to accept suitable property in exchange for all or part of Seller's property hereunder; provided that, property exchanged to Seller shall be subject to immediate purchase by a third party, and provided further that the cost to Seller of accepting the exchange property and transferring it to a third party shall be reimbursed to Seller by Buyer, and provided that the terms and conditions of such exchange shall in no event be more onerous and burdensome to Seller.

On June 19, 1990, Mr. and Mrs. Brown transferred the East Boulevard property to petitioner and Black as tenants in common.

Petitioner's share of the cash portion of the purchase price was $16,000. Of that amount, petitioner paid $2,500 as earnest money when the contract was signed. Also on June 19, 1990, Essex redeemed the certificate of deposit, and thereafter disbursed $20,843 to petitioner and bought two certificates of deposit for $10,000 each. Petitioner deposited the $20,843 he received in his account with United Carolina Bank. Petitioner used the two certificates of deposit as partial collateral for a $50,000 loan to renovate the East Boulevard property.

## D.  Petitioner's 1990 Tax Return

On the Form 8824, Like-Kind Exchanges, attached to petitioner's 1990 income tax return, petitioner reported that he transferred property as part of a like-kind exchange on February 21, 1990. In fact, petitioner transferred his interests in the Monroe Road and Seventh Street properties on February 5 and February 14, 1990, respectively. Also on that Form 8824, petitioner reported that he identified replacement property on April 1, 1990. April 1, 1990, is the 46th day after February 14, 1990, and the 55th day after February 5, 1990, the dates that petitioner transferred his interests in the Seventh Street and Monroe Road properties, respectively.

OPINION

## A.  Background and Contentions of the Parties

The issue for decision is whether petitioner may defer the gains realized on the sale of the Monroe Road and Seventh Street

properties pursuant to section 1031(a). Generally, a taxpayer must recognize gain or loss on the sale of real property. Sec. 1001(c). However, section 1031(a) provides for the deferral of gain or loss when there is an exchange of like-kind business or investment properties, as distinguished from a cash sale of property by the taxpayer and a reinvestment of the proceeds in other property. Barker v. Commissioner, 74 T.C. 555, 561 (1980).

Petitioner contends that his sale of the Monroe Road and Seventh Street properties and subsequent purchase of the East Boulevard property qualifies as a nontaxable exchange under section 1031(a). Respondent contends that those transactions do not qualify because (1) petitioner did not identify the replacement property within 45 days of the sale of the relinquished properties; (2) petitioner received the proceeds from the sale of the relinquished properties; and (3) the sales and purchase were not an "exchange" as required by section 1031(a). Respondent's determinations are presumed correct, and petitioner bears the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner must rebut all three of respondent's arguments to qualify under section 1031(a).

B. Identification Requirement

Section 1031(a)(3)(A) requires replacement property to be identified within 45 days after the date the taxpayer transfers

the property relinquished in the exchange.[1]  The parties dispute whether petitioner identified the East Boulevard property within 45 days after he transferred the Monroe Road and Seventh Street properties.  Petitioner contends that he orally identified the East Boulevard property within 45 days after he transferred the relinquished properties and points out that he saw no other property after he saw the East Boulevard property on February 27, 1990.  Respondent argues (1) that an oral identification is not sufficient under section 1031(a)(3)(A), and (2) that even if an oral identification is sufficient, petitioner failed to identify replacement property, orally or otherwise, within 45 days.

We are not convinced that petitioner identified the East Boulevard property within 45 days after February 5 or 14; i.e., by March 22 or 31.  This conclusion is supported by petitioner's 1990 tax return.  Petitioner reported on his 1990 tax return that he identified the replacement property on April 1, 1990.  April 1, 1990, is the 55th day after petitioner sold the Monroe Road property and the 46th day after he sold the Seventh Street property.  Statements in a tax return are admissions and will not be overcome without cogent evidence that they are wrong.  Waring

_____

[1]In May 1990, the Secretary proposed a regulation requiring written identification of replacement property.  Sec. 1.1031(a)-3(c), Proposed Income Tax Regs., 55 Fed. Reg. 20283 (May 16, 1990).  This section was adopted in 1991 as sec. 1.1031(k)-1(c), Income Tax Regs., by T.D. 8346, 1991-C.B. 150, 156.  The regulation applies to transfers of property made on or after June 10, 1991.  At the time of the transactions in issue no regulations were in effect.

v. Commissioner, 412 F.2d 800, 801 (3d Cir. 1969), affg. per curiam T.C. Memo. 1968-126; Estate of Hall v. Commissioner, 92 T.C. 312, 337-338 (1989); Lare v. Commissioner, 62 T.C. 739, 750 (1974) ("Statements made in a tax return signed by a taxpayer may be treated as admissions."), affd. without published opinion 521 F.2d 1399 (3d Cir. 1975); Rankin v. Commissioner, T.C. Memo. 1996-350; Sirrine Bldg. No. 1 v. Commissioner, T.C. Memo. 1995-185 ("As statements of a party opponent, the returns are admissions under rule 801(d)(2) of the Federal Rules of Evidence."); Estate of Ford v. Commissioner, T.C. Memo. 1993-580, affd. 53 F.3d 924 (8th Cir. 1995); Mooneyham v. Commissioner, T.C. Memo. 1991-178; Estate of McGill v. Commissioner, T.C. Memo. 1984-292; Estate of Kreis v. Commissioner, T.C. Memo. 1954-139, affd. 227 F.2d 753 (6th Cir. 1955); see United States v. Dinnel, 428 F. Supp. 205, 208 (D. Ariz. 1977) ("Statements made in an income tax return constitute admissions."), affd. without published opinion 568 F.2d 779 (9th Cir. 1978); Kaltreider v. Commissioner, 28 T.C. 121 (1957), affd. 255 F.2d 833 (3d Cir. 1958). There is no cogent or persuasive evidence that petitioner identified the replacement property before April 1, 1990. When petitioner saw the East Boulevard property on February 27, 1990, he liked the location, but he thought the price was too high, he had specific requirements for financing terms, he knew he would need to make (and arrange financing for) extensive renovations,

and Black had not yet approved the property. According to petitioner, Black gave his approval in early March.

Petitioner testified that he instructed Smith on February 27, 1990, that "we would like to pursue" the purchase of that building, but Smith did not corroborate that or act in the following weeks as if he had been instructed to arrange the purchase. Petitioner did not begin to negotiate the price with the sellers until May. There is no evidence that his concerns (other than approval by Black) were satisfied before May. We give more weight to his statement on his 1990 tax return that he identified the property as replacement property on April 1, than to his trial testimony that he identified it earlier.

We conclude that petitioner has not shown that he identified the East Boulevard property as replacement property within the time required by section 1031(a)(3)(A); i.e., by late March, 1990. Petitioner may not defer recognition of the gains realized from the sale of the Monroe Road or Seventh Street properties under section 1031(a)(1) because he did not identify replacement property within 45 days after the date he relinquished either property. Sec. 1031(a)(3)(A).

C.  Respondent's Other Contentions

Because we find that petitioner did not identify replacement property on or before March 30, 1990, we need not decide respondent's contention that an oral identification does not meet the identification requirement under section 1031(a)(3)(A).

Similarly, we need not decide respondent's contentions that petitioner's sale of the Monroe Road and Seventh Street properties is ineligible for like-kind exchange treatment under section 1031(a) because petitioner constructively received the proceeds from the sale of each of those properties and that the sales and purchase were not an exchange as required by section 1031(a).

<u>Decision will be entered for</u> <u>respondent</u>.