T.C. Memo. 1997-233


UNITED STATES TAX COURT


CHAROL L. STAFFORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JAMES E. STAFFORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 7275-96, 7292-96.           Filed May 20, 1997.


Charol L. Stafford and James E. Stafford, pro sese.

<u>William G. Bissell</u>, for respondent.


MEMORANDUM OPINION

GALE, <u>Judge</u>: This matter is before the Court on respondent's

motion for summary judgment pursuant to Rule 121[1] as to the

_____

[1] Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure. All section
references are to the Internal Revenue Code in effect for the
years at issue.

deficiencies and additions to tax regarding both petitioners and accuracy-related penalties regarding petitioner Charol L. Stafford (Mrs. Stafford) as determined in the notices of deficiency.  These cases were consolidated for trial, briefing, and opinion pursuant to the Court's order dated August 7, 1996.

Respondent determined the following Federal income tax deficiencies, additions to tax, and penalties with respect to Mrs. Stafford:

|  |  | Additions to Tax and Penalties | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662(a) |
| 1989 | $ 3,539 | --- | $  708 |
| 1990 | 10,521 | --- | 1,490 |
| 1991 | 2,066 | $104 | --- |
| 1992 | 3,700 | 642 | --- |
| 1993 | 1,524 | --- | --- |

Respondent determined the following Federal income tax deficiencies and additions to tax with respect to petitioner James E. Stafford (Mr. Stafford):

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1989 | $ 3,539 | $  885 | $239 |
| 1990 | 11,440 | 2,092 | 34 |
| 1991 | 2,066 | 104 | --- |
| 1992 | 3,700 | 240 | --- |
| 1993 | 1,721 | 100 | --- |

Background

The deficiencies in income taxes are based on respondent's determinations that petitioners failed to report income in the following respects: (1) Although Mrs. Stafford filed Federal income tax returns for the tax years 1989, 1990, and 1993 reporting wage income earned in her individual capacity, she

failed to report her 50-percent share of community property income earned by Mr. Stafford in his individual capacity for those years; (2) Mrs. Stafford failed to file Federal income tax returns for 1991 and 1992 and thus failed to report her 50-percent share of community property income earned by Mr. Stafford in his individual capacity for those years; and (3) Mr. Stafford failed to file Federal income tax returns for any year at issue and thus failed to report his 50-percent share of community property income earned by petitioners in their individual capacities.

Respondent determined that Mrs. Stafford received the following wage income:

| Year | Payor | Amount |
|------|-------|--------|
| 1989 | North Forest Independent School District | $ 3,670 |
|      | Molly Maid of Champions | 421 |
| 1990 | North Forest Independent School District | 10,875 |
| 1993 | Tarkington Independent School District | 6,769 |

Respondent determined that Mr. Stafford received the following wage and pension income:

| Year | Payor | Amount |
|------|-------|--------|
| 1989 | BP Exploration | $44,763 |
| 1990 | BP Exploration | 30,572 |
|      | BP Exploration (1099-R pension income) | 39,073 |
|      | Carlton Accountants | 6,362 |
|      | Texas Employment Comm'n | 4,774 |
| 1991 | Carlton Accountants | 6,289 |
|      | Accountants on Call | 31,280 |
| 1992 | Accountants on Call | 53,600 |
| 1993 | Accountants on Call | 27,060 |

Hence, respondent determined that petitioners' total community property income for each year at issue is as follows:

|  | 1989 | 1990 | 1991 | 1992 | 1993 |
|---|---|---|---|---|---|
| Wage income | $48,854 | $52,583 | $37,569 | $53,600 | $33,829 |
| Pension income |  | 39,073 |  |  |  |

Respondent further determined that each petitioner's 50 percent share of the above-noted total community property income is as follows:

|  | 1989 | 1990 | 1991 | 1992 | 1993 |
|---|---|---|---|---|---|
| Wage income | $24,427 | $26,292 | $18,785 | $26,800 | $16,914 |
| Pension income |  | 19,537 |  |  |  |

Respondent also determined that because Mrs. Stafford filed Federal income tax returns for 1989, 1990, and 1993 reporting the wage income she received in her individual capacity for those years, her respective share of unreported community property income is reduced by the amounts so reported; i.e., $4,090 (1989); $10,875 (1990); and $6,769 (1993).  Thus, respondent determined that Mrs. Stafford's unreported community property income is as follows:

|  | 1989 | 1990 | 1991 | 1992 | 1993 |
|---|---|---|---|---|---|
| Wage income | $20,337 | $15,416 | $18,784 | $26,800 | $10,145 |
| Pension income |  | 19,537 |  |  |  |

When petitioners refused to stipulate any matter proposed by respondent, an order to show cause why such matters should not be deemed stipulated pursuant to Rule 91(f) was issued by the Court.

Petitioners' response to the show cause order failed to address any matter contained in the proposed stipulations. Consequently, the show cause order was made absolute, and the matters set forth in respondent's proposed stipulation of facts, together with the exhibits attached thereto, were deemed stipulated for purposes of these cases pursuant to Rule 91(f)(3). The matters deemed stipulated may be summarized as follows.

Petitioners are currently married and were so during the years at issue. They resided in Kingwood, Texas, at the time their petitions were filed. Mrs. Stafford filed Federal income tax returns for 1989, 1990, and 1993, electing married filing separate status, and reporting the previously noted wage income earned in her individual capacity. However, she failed to report her share of community property income on these tax returns. Mrs. Stafford did not file Federal income tax returns for 1991 and 1992, and her failure to do so for these 2 years was not due to reasonable cause.

Mr. Stafford did not file Federal income tax returns for 1989, 1990, 1991, 1992, and 1993, and his failure to do so for all years was not due to reasonable cause. Mr. Stafford received an IRA distribution in 1990 which was an early distribution to which a 10-percent penalty applies. The additions to tax pursuant to section 6654 are due from Mr. Stafford for 1989 and 1990 because he underpaid his estimated tax for both years.

Petitioners are further deemed to have stipulated to the following documents that respondent proposed for stipulation: (1) Copies of Forms W-2 documenting Mrs. Stafford's wage income, as determined in the notice of deficiency, from North Forest Independent School District in the amounts of $3,669.74 (1989) and $10,875.25 (1990), from Molly Maid of Champions in the amount of $420.68 (1989), and from Tarkington Independent School District in the amount of $6,769.32 (1993); (2) copies of BP Exploration Forms W-2 and employee earnings histories documenting Mr. Stafford's wage income, as determined in the notice of deficiency, in the amounts of $44,763.00 (1989) and $30,572.00 (1990); (3) a copy of the canceled check (front and back) and bank deposit ticket with respect to the 1099-R distribution paid to Mr. Stafford, as determined in the notice of deficiency, in the amount of $39,072.53 from BP Exploration for the taxable year 1990; (4) copies of Accountants On Call Forms W-2 and detailed payroll registers documenting Mr. Stafford's wage income, as determined in the notice of deficiency, in the amounts of $31,280 (1991), $53,600 (1992), and $27,060 (1993); (5) copies of Forms W-2 from Carlton Accountants documenting Mr. Stafford's wage income, as determined in the notice of deficiency, in the amounts of $6,361.88 (1990) and $6,288.75 (1991); and (6) copies of canceled checks and claimant master file from the Texas Employment Commission documenting Mr. Stafford's unemployment compensation in the amount of $4,774 (1990) as determined in the

notice of deficiency.  Petitioners also stipulated to the Federal income tax returns filed by Mrs. Stafford for 1989, 1990, and 1993 on which she reported income in the amounts of $4,090, $10,875, and $6,769, respectively.  The stipulated documents also include Forms W-4 signed by Mrs. Stafford (1989, 1990, and 1993) and by Mr. Stafford (1989).  The above-listed documentary evidence identifies Texas as petitioners' State of residence during the tax years at issue.  Texas is a community property State.  See Tex. Fam. Code Ann. secs. 5.01-5.62 (West 1993).

Discussion

Summary judgment is appropriate "if the pleadings, * * * admissions, and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The party seeking summary judgment bears the burden of proving that there is no genuine issue of material fact.  Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

However, the party opposing summary judgment may not rely upon the mere allegations or denials in his pleadings, but "must set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d); Sundstrand Corp. v. Commissioner, supra.  Petitioners have been unwilling to come forward with any

factual evidence or to dispute any facts in these cases.[2]
Instead, petitioners argue that the notices of deficiency issued
to them are invalid (and, therefore, respondent has fraudulently
induced them to file Tax Court petitions) because
(1) respondent's assessment and collection authority has been
transferred to the Bureau of Alcohol, Tobacco, and Firearms
(BATF); (2) there are no implementing regulations for
respondent's assessment and collection authority; and (3) title
26 of the U.S. Code has not been enacted into law.

Mr. Stafford raised identical arguments regarding the BATF
and a lack of implementing regulations in Stafford v.
Commissioner, T.C. Memo. 1997-50. These arguments were rejected
in that case, and Mr. Stafford was first advised of their lack of
merit in a pretrial order on May 24, 1996. As in the previous
case, these arguments provide no basis for denying summary
judgment. Moreover, petitioners' additional argument that title
26 of the U.S. Code has never been enacted into law is frivolous[3]

---

[2] Mrs. Stafford's petition recites that she was unaware of
her obligation to report her share of community property income
although she did not raise this point in response to respondent's
motion for summary judgment or in any other filings with the
Court. In any event, it is well settled that, under the
circumstances here presented, one spouse is required to report as
income his or her share of the other spouse's earnings. See
Hopkins v. Bacon, 282 U.S. 122 (1930); Poe v. Seaborn, 282 U.S.
101 (1930).

[3] The Internal Revenue Code of 1954 was enacted by the 83d
Congress on Aug. 16, 1954, ch. 736, 68A Stat. 3. The Internal
Revenue Code of 1954 as heretofore, hereby, or hereafter amended
(continued...)

and provides no basis for denying respondent's motion for summary judgment.

## 1.  The Deficiencies

The deemed stipulations in these cases establish that petitioners were married and residents of Texas, a community property State, during the tax years at issue.  Thus, on the facts here presented, each petitioner is liable for the tax on his or her respective share of community property income.  See Hopkins v. Bacon, 282 U.S. 122 (1930); Poe v. Seaborn, 282 U.S. 101 (1930).  Petitioners have not asserted that the notices of deficiency are arbitrary or erroneous and have failed to offer any evidence disputing respondent's determinations as to the deficiencies.

Moreover, every item of income that respondent determined was received by each petitioner individually is supported by documentation to which petitioners are deemed to have stipulated, including the Federal income tax returns filed by Mrs. Stafford reporting wage income earned in her individual capacity. Statements in a tax return are admissions.  Waring v. Commissioner, 412 F.2d 800, 801 (3d Cir. 1969), affg. per curiam T.C. Memo. 1968-126; Estate of Hall v. Commissioner, 92 T.C. 312, 337-338 (1989); Lare v. Commissioner, 62 T.C. 739, 750 (1974),

---

³(...continued)
was redesignated as the Internal Revenue Code of 1986 by the 99th Congress on Oct. 22, 1986, Pub. L. 99-514, sec. 2(a), 100 Stat. 2095.

affd. without published opinion 521 F.2d 1399 (3d Cir. 1975) ("Statements made in a tax return signed by a taxpayer may be treated as admissions."); Sirrine Bldg. No. 1 v. Commissioner, T.C. Memo. 1995-185 ("As statements of a party opponent, the returns are admissions under rule 801(d)(2) of the Federal Rules of Evidence."); Estate of Ford v. Commissioner, T.C. Memo. 1993-580, affd. 53 F.3d 924 (8th Cir. 1995); Estate of Kreis v. Commissioner, T.C. Memo. 1954-139, affd. 227 F.2d 753 (6th Cir. 1955). Hence, Mrs. Stafford has admitted receiving wage income in her individual capacity in the amounts as determined in the notice of deficiency.

Mrs. Stafford is deemed to have stipulated that she failed to report her share of community property income on her 1989, 1990, and 1993 Federal income tax returns and that she filed no income tax returns in 1991 and 1992. Mr. Stafford is deemed to have stipulated that he failed to file Federal income tax returns for all years at issue. Consequently, the records in these cases amply support respondent's determinations of the amounts of income that petitioners received in their individual capacities, the years of receipt, and petitioners' liabilities for their respective shares of community property income.

Finally, petitioners are deemed to have stipulated that the IRA distribution Mr. Stafford received in 1990 was an early distribution to which a 10-percent penalty applies.[4]

Accordingly, there is no genuine issue of material fact as to the deficiencies, and a decision may be rendered as a matter of law.  Respondent's motion for summary judgment as to this issue with respect to both Mr. and Mrs. Stafford will be granted.

## 2.  The Additions to Tax and Accuracy-Related Penalties

### Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to timely file a required return, unless the failure is due to reasonable cause.  Mrs. Stafford is deemed to have stipulated that her failure to file returns for 1991 and 1992 was not due to reasonable cause and that the section 6651(a)(1) additions to tax are due from her for these 2 years.  Similarly, Mr. Stafford is deemed to have stipulated that his failure to file Federal income tax returns for 1989, 1990, 1991, 1992, and 1993 was not due to reasonable cause and that the section 6651(a)(1) additions to tax are due from him for all years at issue.

Accordingly, no genuine issue of material fact remains regarding the section 6651(a)(1) additions to tax, and respondent's motion for summary judgment thereon with respect to both petitioners will be granted.

---

[4]  See sec. 72(t)(1).

Section 6654(a)

The section 6654 addition to tax for failure to pay estimated tax is mandatory unless the taxpayer establishes that a statutory exception applies.  Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Mr. Stafford is deemed to have stipulated that additions to tax under section 6654(a) for 1989 and 1990 are due from him because he underpaid his estimated tax for both years.  Accordingly, there is no genuine issue of material fact as to this issue, and respondent's motion for summary judgment thereon with respect to Mr. Stafford will be granted.

Section 6662(a)

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to, inter alia, negligence or disregard of rules or regulations.[5]  Mrs. Stafford is deemed to have stipulated that the section 6662(a) penalties are due from her for the underpayment of tax for 1989 and 1990.  Accordingly, there is no genuine issue of material fact regarding Mrs. Stafford's liability for these penalties, and respondent's motion for summary judgment thereon will be granted.

3.  The Section 6673 Penalty

Petitioners are advised of the provisions of section 6673 giving this Court authority to impose a penalty of up to $25,000

[5]  Respondent determined in the notice of deficiency with respect to Mrs. Stafford that all or part of the underpayment for 1990 and 1991 is due to negligence or intentional disregard of rules or regulations.

when the taxpayer has instituted proceedings primarily for delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue administrative remedies. Respondent has not requested that the Court exercise its authority, and the Court declines to do so sua sponte in the instant proceedings. However, petitioners are cautioned that this sanction is available to the Court and will be considered if petitioners persist in pursuing frivolous arguments before this Court.

An appropriate order will be issued, and decisions will be entered for respondent.